Fausto Cosulich et al., Respondents, *v.* The Standard Oil Company of New York, Appellant.

The law does not impose upon one conducting a lawful business upon his own lands the obligation of saving others harmless from the consequences of inevitable accidents; the limit of his duty where no contract relations exist, is the exercise of reasonable care and caution to save others from injury.

The presumption is, until the contrary be shown, that every man has performed his duty, and it is incumbent upon one who alleges a failure in this respect, as the foundation of a right of action, to prove facts from which an inference of negligence may properly be drawn, and proof of the mere fact that an accident has happened, will not, in the absence of any contractual relations between the parties, authorize such an inference.

The fact that the injury was caused by an explosion on defendant's premises, does not change the rule in this respect, and proof of that fact simply does not authorize an inference of negligence.

In an action to recover damages sustained by the burning of a vessel belonging to plaintiffs through the alleged negligence of defendant, these facts appeared. Defendant owned and managed a petroleum refinery; plaintiffs' vessel was lying at a wharf adjacent thereto; an explosion took place, the oil within defendant's inclosure took fire and a quantity of it while burning flowed down a pipe, used by defendant for pumping oil from vessels into its refinery, connected with a lighter laden with petroleum moored at defendant's wharf; the lighter exploded and burning oil therefrom was thrown upon plaintiffs' vessel, which set it on fire. A motion for a nonsuit was denied. *Held*, error.

Statement of case.

*Rose* v. *S. & C. T. Co.* (11 Fed. Rep. 438), questioned. *Breen* v. *N. Y. C. & H. R. R. R. Co.* (109 N. Y. 297); *Seybolt* v. *N. Y., L. E. & W. R. R. Co* (95 id. 562); *Mullen* v. *St. John* (57 id. 567). *Cosulich* v. *Standard Oil Co.* (23 J. & S. 384), reversed.

(Argued June 17, 1890; decided October 7, 1890.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made March 6, 1888, which affirmed a judgment in favor of plaintiffs entered upon a verdict, and affirmed an order denying a motion for a new trial.

This action was brought to recover the damages sustained by the burning of plaintiffs' vessel. The ground assigned for the defendant's liability was that the injury was wholly due to defendant's negligence.

The defendant at the time of the burning owned and managed a petroleum refinery on Newton creek in the county of Kings. And the plaintiffs' vessel was lying at the wharf next adjacent thereto. The oil within defendant's enclosure got on fire, and a quantity of it while burning flowed down a pipe which was connected with a lighter laden with petroleum moored at the defendant's wharf. The pipe was used by the defendant in pumping oil from vessels into the refinery.

The lighter at once exploded and burning oil and sticks therefrom were thrown upon the plaintiffs' vessel which was about twenty feet distant, setting it on fire.

The damages resulting are stipulated to have been $15,000.

The only evidence relating to the supposed cause of the fire, and the alleged negligence of the defendant was presented by the plaintiffs and is here recited.

Ernest Berger, a plumber, then employed in a factory immediately adjoining the defendant's works testified: " I was sitting in the front office  *  *  * and just across the street was a boiler, a still or agitator — boiler — I don't know what you call it; I don't know what oil yards call it; I never worked at oil yards; and when I looked out I see this boiler commence — the first thing I heard a little grumbling, a

G

growling in the air, and at the same moment I see the boiler commence to wabble. To shake. It gives a big explosion and the men ran out and I followed them &ast; &ast; &ast; and that explosion came and upset our factory. It threw me down and the same moment when I turned again, it gives out much dust; the whole building was afire, the whole front, the whole windows, everything was on fire and the whole street was one burning fire of oil. Well how the oil got on fire I can't tell. The agitator, boiler or tank was an iron structure standing above the wall &ast; &ast; &ast;. It was an upright tank, an iron tank, and it was, if I am not mistaken, about ten feet in diameter &ast; &ast; &ast;. It was round and painted black. And it was this still or agitator, or boiler, that I saw shaking."

Nicolo Gasbach, the third-mate on plaintiffs' vessel testified: "I was inside my cabin sitting on my box, and when I was inside I saw a flash, and at the same moment, all at once an explosion and whistle blowing. The whistle was I think, from the steam-engine in the yard."

When plaintiffs rested the defendant asked for a nonsuit which was denied. Thereupon, and without giving any evidence, the defendant rested.

The jury found a verdict in favor of plaintiffs.

*Lewis Cass Ledyard* for appellant. There is no proof in the case that the damages sustained by the plaintiffs were caused by any explosion. (*Clark* v. *Foot*, 8 Johns. 421; *Stuart* v. *Hawley*, 22 Barb. 619; *Lansing* v. *Stone*, 37 id. 15; *Calkins* v. *Barger*, 44 id. 424.) It is not sufficient for the plaintiffs to show that the explosion might have preceded and might have caused the fire; they must establish as part of their *prima facie* case that it did cause the fire. (*Payne* v. *F. S. S. R. R. Co.*, 8 J. & S. 8; *Searls* v. *M. R. Co.*, 101 N. Y. 662.) Not only did the plaintiffs fail to show that any explosion occurred on defendant's premises, or assuming that it did occur, that the damages claimed were occasioned by it, but if that also be assumed and it be admitted that the

damages were occasioned by the explosion, the proof con-
clusively shows that they were the ultimate and remote but
not the proximate and natural results of the explosion.
(*Ryan* v. *N. Y. C. R. R. Co.*, 35 N. Y. 210; *Kerr* v. *P. R.
R. Co.*, 62 Penn. St. 353; *Hoag* v. *L. S. R. R. Co.*, 85 id.
293; *Reiper* v. *Nichols*, 31 Hun, 491; *Mars* v. *D. & H. C.
Co.*, 54 id. 629.) It was error to submit this question to the
jury. (*Reiper* v. *Nichols*, 31 Hun, 491.) The theory that
the accident was such that from its mere occurrence the law
presumes that it was occasioned by the defendant's negligence,
is erroneous. (*Curran* v. *W. C. & M. Co.*, 36 N. Y. 153;
*Edwards* v. *N. Y. & H. R. R. Co.*, 98 id. 245; *Terry* v. *N.
Y. C. R. R. Co.*, 22 Barb. 576; *Daniels* v. *M. R. R. Co.*,
L. R. [3 C. P.] 216; *Curtis* v. *R., etc., R. R. Co.*, 18 N. Y.
534; *Losee* v. *Buchanan*, 51 id. 476; *Olive* v. *W. M. Co.*, 103
id. 292; *R. M. Co.* v. *N. H. S. Co.*, 50 id. 121; *Young* v.
*Bransford*, 12 Lea, 232; *Huff* v. *Austin*, 46 Ohio St. 386;
*Walker* v. *C. R. I. & P. R. Co.*, 33 N. W. Rep. 224; *L. &
R. P. Co.* v. *Tearney*, 21 N. E. Rep. 516.) The exception
to the question asked the witness, Berger, calling for expert
knowledge, was well taken. (*Messuer* v. *People*, 45 N. Y. 1;
*Menke* v. *People*, 17 Hun, 410; *Hoyt* v. *L. I. R. R. Co.*, 57
N. Y. 678.)

*Lorenzo Ullo* for respondents. An explosion raises the
presumption of negligence. (*Caldwell* v. *N. J. S. B. Co.*, 47
N. Y. 282; *Posey* v. *Scoville*, 10 Fed. Rep. 141; *Dunlap* v.
*S. S. Reliance*, 2 id. 249; *The Sydney*, 27 id. 119; *Muller*
v. *St. John*, 57 N. Y. 567; *Jenney* v. *City of Brooklyn*, 44
Hun, 371; *Rintoul* v. *N. Y. C. R. R. Co.*, 17 Fed. Rep.
905; *Edgarton* v. *N. Y. & H. R. R. Co.*, 39 N. Y. 227;
*Curtis* v. *R. & S. R. R. Co.*, 18 id. 534; *Scott* v. *L. & S. C.
Dock*, 3 H. & C. 596; *Church* v. *Griggs*, 2 Camp. 69; *Stokes*
v. *Suttonstall*, 13 Pet. 181; *N. J. R. R. T. Co.* v. *Pollard*,
22 Wall. 341; *T. Co.* v. *Downer*, 11 id. 129; *Rose* v. *S. &
C. T. Co.*, 11 Fed. Rep. 438; *Kearney* v. *R. R. Co.*, L. R.

[69 Q. B.] 759 ; *Byrne* v. *Boadle*, 2 H. & C. 772 ; *The New World* v. *King*, 57 N. Y. 567 ; *Stevens* v. *Brenner*, 79 id. 259 ; *Ward* v. *Kilpatrick*, 85 id. 413, 417.) The damage sustained by the plaintiffs was a natural and proximate cause of the negligence of defendant. The wrong-doer is responsible for all the natural and proximate consequences of his acts. (*M. & S. P. R. R. Co.* v. *Kellogg*, 94 U. S. 469 ; *Ehrgott* v. *Mayor, etc.*, 96 N. Y. 265 ; *Webb* v. *R. W. & O. R. R. Co.*, 49 id. 424 ; *Lowery* v. *M. R. Co.*, 99 id. 158 ; *Tanner* v. *R. R. Co.*, 108 id. 623 ; *Pollett* v. *Long*, 56 id. 207 ; *Vanderberg* v. *Truax*, 4 Den. 464 ; *O'Neil* v. *N. Y., O. & W. R. Co.*, 115 N. Y. 584 ; *Putnam* v. *B. & S. A. R. R. Co.*, 55 id. 119.) A general exception to a portion of a charge is of no avail, if any portion of the matter excepted to, be well stated. (*Groat* v. *Gile*, 51 N. Y. 441 ; *People* v. *Giudici*, 100 id. 509 ; *Decker* v. *Matthews*, 12 id. 313 ; *Muller* v. *McKesson*, 73 id. 198 ; *O'Neil* v. *James*, 43 id. 84–93 ; *Winchell* v. *Hicks*, 18 id. 558, 563 ; *Mallory* v. *T. R. R. Co.*, 3 Abb. Ct. App. Dec. 143 ; 39 Barb. 488 ; 36 How. Pr. 202 ; *People* v. *Cook*, 8 N. Y. 78 ; *Ormes* v. *Dauchy*, 82 id. 446.) When the party injured has not contributed to the fact causing the injury, he is entitled to recover, notwithstanding that his subsequent negligence may have contributed to augment the injury. (Beach on Cont. Neg. 64 ; *Gould* v. *McKenna*, 86 Penn. St. 297 ; *Stebbins* v. *C. R. R. Co.*, 54 Vt. 464 ; 41 id. 855 ; *Secord* v. *S. P. R. R. Co.*, 5 McCrary, 515 ; *Sills* v. *Brown*, 9 C. & P. 601 ; *Greenland* v. *Chapin*, 5 Exch. 243 ; S. & R. on Neg. § 52 ; Whart. on Neg. § 678 ; *Button* v. *H. R. R. R. Co.*, 18 N. Y. 259.) As the fact was assumed by defendant on the trial that the explosion occurred on defendant's premises, it cannot now raise the point that there was no evidence showing the fact. (*Salisbury* v. *Howe*, 87 N. Y. 128 ; *O'Neil* v. *N. Y., O. & W. R. Co.*, 115 id. 584 ; Code Civ. Pro. § 1337 ; *Hazman* v. *H. L., etc., Co.*, 50 N. Y. 55 ; *Maher* v. *C. P., etc., Co.*, 67 id. 55 ; *Downs* v. *N. Y. C. R. R. Co.*, 56 id. 664 ; *Hamilton* v. *T. A. R. R. Co.*, 53 id. 25 ; *Green* v. *Fortier*, 80 id. 640.)

PARKER, J.   We are of the opinion that the evidence presented by the plaintiffs failed to establish a cause of action against the defendant, and consequently, that the trial court erred in denying the motion to dismiss the complaint made after plaintiffs had rested their case.

The fact that the injury sustained by the plaintiffs may have been a direct result of the fire, which originated upon the premises of the defendant, does not of itself render it liable to respond in damages therefor.

The defendant was not maintaining a nuisance.   Its business was lawful, and in its conduct the law does not impose the obligation of saving harmless others from the consequences resulting from the occurrence of inevitable accident, but rather burdens it simply with the duty of using reasonable care and caution to save others from injury.   If it omitted that duty and failed to observe that ordinary care which was incumbent upon it, then because of such neglect it became legally chargeable with the damages directly resulting therefrom, but not otherwise.   (*Losee* v. *Buchanan*, 51 N. Y. 476.)

As the existence of negligence is an affirmative fact to be established by him who alleges it as a foundation of his right of recovery, it was incumbent upon the plaintiffs to point out by evidence the defendant's fault, for the presumption is, until the contrary appears, that every man has performed his duty.   This rule has been frequently applied in cases where a fire has spread over and upon the lands of an adjoining owner to his damage.   (*Clark* v. *Foot*, 8 Johns. 421 ; *Stuart* v. *Hawley*, 22 Barb. 619 ; *Lansing* v. *Stone*, 37 id. 15 ; *Calkins* v. *Barger*, 44 id. 424.)

It has likewise been enforced against persons seeking to recover for damages sustained by fires originating from locomotives in operation upon railroads.   (*Collins* v. *N. Y. C. & H. R. R. R. Co.*, 5 Hun, 503 ; 71 N. Y. 609.)

But the plaintiffs insist that while negligence cannot be inferred from the fact that the fire originated upon the premises of the defendant, it may be presumed from the proof of an explosion.

It is difficult to discover a reason for holding that proof of the occurrence of a destructive fire in defendant's premises does not raise a presumption of negligence, while proof of the mere fact of an explosion does. It has been said that there is a general disposition among men to preserve their property, and escape liability, and that ordinarily these motives will secure that degree of care and caution which the safety of the public demands, and hence the presumption of duty performed which in cases of fire will protect him until the facts be proven from which negligence can be inferred.

For precisely the same reason he is entitled to the benefit of such presumption in the case of an explosion where no contractual relation exists. And the plaintiffs must go one step further and prove the facts from which it can be legitimately inferred that either in construction, repair or operation he omitted that reasonable care and caution which he should have observed.

As this position is supported by authority, reference will be made to a few of the cases.

In *Losee* v. *Buchanan* (*supra*), the action was for damages done to the buildings of the plaintiff by the projection onto his premises of a boiler, resulting in serious injury to several buildings.

The court, in a well-considered opinion delivered by Judge Earl, held, first, that the plaintiff could not recover in the absence of proof of fault or negligence on the part of the defendant; second, that if the explosion was caused by a defect in the manufacture of the boiler he is not liable, in the absence of proof that such defect was known to him or was discoverable upon examination or by the application of known tests.

That case would seem to be controlling here. The plaintiffs proved simply an explosion. The inference is perhaps permissible that the subject of the explosion was the receptacle described as a boiler, tank, still or agitator, although no witness pretends to assert that it was destroyed or torn down. If it may be inferred that it was the tank the evidence is silent as to the cause.

It does not point to unskillfulness or carelessness on the part of the employes having the the tank in charge ; nor suggest defects in construction ; or omission to keep in repair and, therefore, falls far short of the requirements, which the court asserted, in the *Losee* case, to be essential to a recovery.

In *Walker* v. *C., R. I. & P. R. Co.* (71 Ia. 658) the plaintiff's property was injured by the explosion of a quantity of dynamite then on a car standing in defendant's yard. The complaint averred that the dynamite was not properly protected ; that the fire had caught from passing engines ; and that the car was negligentiy permitted to stand in an improper place. There was no evidence that the fire had caught because the engines were defective in their machinery, to prevent fire escaping therefrom ; or that the dynamite was not properly protected, or stored in an improper place. The judgment rendered in favor of the plaintiff was reversed, the court holding that, "the relation between the parties to the action is not such that the law presumes negligence in the defendant by the mere fact that the plaintiff's property was injured. The burden was upon the plaintiff to show that the place where the car was stored was an improper place. All the light the jury had on this subject was that the car exploded and the plaintiff's property was injured."

In *Huff* v. *Austin* (46 Ohio St. 386) the plaintiff, as an employe of Fay & Co., was at work on the premises of the defendants in helping to set up a saw-mill which the defendants had purchased of Fay & Co. While so at work, a steam boiler, owned and used by the defendants on the premises to run the saw-mill, exploded and injured the plaintiff. The plaintiff had a verdict which was reversed, the court holding that proof of the mere fact of an explosion does not raise a presumption of negligence on the part of the defendants.

This precise question was carefully considered by the court of last resort in Tennessee, in *Young* v. *Bransford* (12 Lea, 232). Plaintiff's intestate, while in defendant's grist-mill, was killed by the explosion of defendant's boiler. The trial court, in his charge to the jury, said : " When the killing is proved

to have been done by the explosion of defendants' boiler, the burden is thrown upon them to show that they were guilty of no negligence, and that the accident was unavoidable. So that while the burden of proof is upon the plaintiff to make out her case in the first instance, when she has shown the explosion and killing, the burden then shifts upon the defendants to exonerate themselves from presumed negligence by showing that they were in fact guilty of no negligence, and upon this point, whether there is negligence or not, your verdict must turn." This was held to be error, for which a reversal was had.

The principles stated and authorities cited establish, as we think, that the burden of proof resting upon the plaintiff, was not well borne by him when he rested his case, and we should be content to end the discussion at this point, but for the argument of the learned General Term, which may be profitably considered further.

The court failed to recognize a distinction, which has been carefully guarded by the courts of this state as well as by nearly all other jurisdictions in this country, between actions founded in negligence, where a contract relation existed between the parties, and those in which the defendant owed no other duty than to use such ordinary care and caution as the nature of his business demanded to avoid injury to others.

Its omission to do so may have been induced by the opinion of the court in *Rose* v. *Stevens & Condit Trans. Co.* (11 Fed. Rep. 438), which was cited with approval. In that case it is said "that the presumption originates from the nature of the act and not from the nature of the relations between the parties."

This assertion does not seem to have been well considered. In actions founded on negligence the *onus* of establishing it rests upon the plaintiff. In determining whether he has sustained this burden it is necessary in certain cases to inquire whether an inference of the fact of negligence can be drawn from other facts proven. When it can be, then it is said that a presumption of the fact of negligence is permissible. And

of necessity it embraces not only the doing or omission to do the thing complained of, but also the relations of the parties, *i. e.*, whether in that which he did or omitted to do he failed to discharge some duty owing to the plaintiff. *Beck* v. *Carter* (68 N. Y. 283) furnishes an illustration in point. It is there held that "where the owner of land expressly or by implication invites others to come upon his premises, if he permits anything in the nature of a snare to exist thereon, he is responsible for an injury resulting therefrom to one availing himself of the invitation. But if he gives but a bare permission to cross the premises, the licensee takes the risk of accidents while using the premises in the condition in which they are. In both cases the act is the same, but in the one case he owes a duty not to maintain a snare, in the other not. In view of the relations of the parties he is held to be negligent in the first case, but not in the second.

Sometimes, it is true, the duty which the defendant owes to the plaintiff is of such a nature that proof of the happening of the accident under certain circumstances and given conditions will be of such legal value as to afford presumptive evidence of negligence, and cast upon the defendant the burden of explanation.

This rule has been applied to the carrier of passengers, especially in conveyances propelled by steam, where the consequences of an accident are frequently fatal to human life, and the public interests require that in such cases the carrier shall use every precaution which human skill and foresight can provide to prevent accident and its results. Even in those cases there must be reasonable evidence of negligence before a defendant can be called upon to relieve itself from the presumption of negligence.

"But when the thing causing the injury is shown to be under the control of the defendant, and the accident is such as in the ordinary course of business does not happen, if reasonable care is used, it does, in absence of explanation by the defendant, afford sufficient evidence that the accident arose from want of care on its part." (*Breen* v. *N. Y. C. & H.*

*R. R. R. Co.*, 109 N. Y. 297; *Seybolt* v. *N. Y., L. E. & W. R. R. Co.*, 95 id. 562.)

But "it is believed," says Mr. Thompson, "that it is never true, except in contractual relations, that the proof of the mere fact that the accident happened to the plaintiff, without more, will amount to *prima facie* proof of negligence on the part of the defendant." (2 Thomp. on Neg. 1227.)

This rule is recognized in *Huff* v. *Austin* (*supra*), the court saying, "whether the defendants can be held liable for the injury caused by the explosion of the boiler owned and used by them on their own premises, without affirmative proof of negligence beyond the mere fact of the explosion is not to be determined by the rule of negligence governing the common carriers of passengers and goods."

To the same effect is the reasoning of Mr. Justice Field, in the "*Nitro Glycerine Case*" (15 Wall. 524).

The Supreme Court of Indiana recognizes that carrier cases constitute an exception to the general rule, in *W., S. L. & P. R. Co.* v. *Locke* (2 Am. St. Rep. 193). After a statement of the extent of the care which the defendant was bound to observe for the protection of the plaintiff and the public, the court continued: "The case, therefore, stands upon a different footing from the cases which involve the duties of carriers who contract to carry passengers safely to a particular destination. In such cases proof of an injury ordinarily establishes a *prima facie* case of negligence in favor of a passenger, which the carrier must overcome."

Now, the cases cited by the General Term, in which the rule *res ipsa loquitur* has been enforced against defendants, are nearly all passenger cases, and, therefore, do not support the plaintiff's position. *Weidmer* v. *N. Y. E. R. R. Co.* (41 Hun, 284) is an exception, but that case has since been reversed by this court (114 N. Y. 462), it being held that the rule *res ipsa loquitur* was not applicable to the situation presented.

*Mullen* v. *St. John* (57 N. Y. 567), the other exception requiring notice was for damages sustained by the falling of a brick wall upon the plaintiff while passing on the sidewalk.

Now, while the court discussed the case from the standpoint of presumptions, in the law of evidence, it will be observed that there was far more than the mere happening of the accident which was held to give rise to it in that case. There were certain conditions proven, which, taken in connection with the fall of the wall, permitted an inference of fact that the defendant was negligent. Buildings properly constructed do not fall without adequate cause. So the plaintiff, to establish his cause of action, proved first, that the wall did fall, and second, that there were no special circumstances of storm or violence to produce that result, and the court held that the falling, under the circumstances and conditions proven, raised a presumption of negligence.

It seems to be apparent that the rule *res ipsa loquitur* cannot be invoked in support of the judgment under review.

If it could be, it would in practical effect subvert the hitherto well-settled law that a man may upon his own lands build factories and dams and employ the use of machinery without liability for any damage which may accidentally and unavoidably ensue to his neighbor. For it would necessarily result in making him in effect the insurer against injury happening from the explosion of boilers, or the breaking of machinery upon his premises.

Steam and machinery are now so universally and usefully employed in factories and upon farms as to make it the part of wisdom not to relax the long-established rule that he who alleges injury sustained through the negligence of his neighbor, with whom he has no contract relation and who owes to him no other duty than that he shall observe reasonable care to prevent injury, must prove the facts from which an inference of the particular act of negligence charged can be drawn.

The judgment should be reversed.

All concur, BRADLEY and VANN, JJ., in result.

Judgment reversed.