(15 App. Div. 74.)

SCHAUM v. EQUITABLE GASLIGHT CO.

(Supreme Court, Appellate Division, Second Department. March 16, 1897.)

GAS—INJURIES CAUSED BY EXPLOSION—RES IPSA LOQUITUR.

Negligence of defendant gas company is not shown to have been the proximate cause of an explosion merely by evidence that an employé went into the cellar with a candle to fix the pipes; that soon afterwards gas began to escape in large quantities, and some men went into the cellar to rescue the workman, who had become unconscious; that as they were about to pick him up "a big flash of fire came around us, and scattered us all over the floor,"—there being no evidence that the workman had lighted the candle, or had any other light with him, and no evidence as to the cause of the explosion.

Appeal from trial term, New York county.

Transferred from the First department.

Action by Leopoldine Schaum against the Equitable Gaslight Company for personal injuries. From a judgment entered on an order dismissing the complaint, and from an order denying a motion for a new trial, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, and BRADLEY, JJ.

Thomas McAdam, for appellant.

Joseph Kling, for respondent.

GOODRICH, P. J. The complaint alleges that the plaintiff, on February 6, 1893, while standing in a saloon on the ground floor of a building on West Thirty-Ninth street, was injured by an explosion of gas, which injured her and her property, and that such. explosion was caused by the negligence of the defendant, or its servant, who was working upon the gas pipes in the cellar of said

building, whereby gas was permitted to come into contact with a light of some kind, thus causing an explosion. The evidence shows that an employé of the defendant came to the house for some purpose connected with the gas pipes, went down into the cellar, came upstairs, and asked for a pair of pliers, went back to the cellar, came up again, asked for a candle, and went down again, after which hammering was heard in the cellar. Shortly after, there was a smell of gas, which was escaping in large quantity. By some means it was discovered that the workman was unconscious in the cellar. Two or three men went down for the purpose of rescuing him, heard him moaning, but were unable to see him, and so went to the front of the cellar, where they were about to pick him up, when, as one of them testified, "a big flash of fire came around us, and scattered us all over the floor." There is no evidence to show that the workman had lighted the candle, or had any other light with him, and no evidence is given to show the cause of the explosion. The doctrine of res ipsa loquitur does not apply to the present action. In the case of Schmeer v. Gaslight Co., 147 N. Y. 529, 42 N. E. 202, the court of appeals held that a gas company, if liable at all, must be held liable for its own negligence. That in making delivery of gas it is not an insurer, but is simply bound to that degree of care which the nature of the article it deals in, and the consequences to be apprehended from an accident, reasonably called for; and that the law ought not to, and does not, exact an unreasonable amount of care from any one. In the case of Cosulich v. Oil Co., 122 N. Y. 118, 25 N. E. 259, the court held that the defendant was not maintaining a nuisance; that its business was lawful, and in its conduct the law does not impose the obligation of saving others harmless from the consequences of inevitable accident, but rather burdens it simply with the duty of using reasonable care and caution to save others from injury; that it is not sufficient to show that an explosion happened, but that the plaintiffs must go a step further, and prove facts from which it can be legitimately inferred that either in construction, repair, or operation the defendant had omitted that reasonable care and caution which he should have observed. There is no evidence in the case at bar of any negligence on the part of the defendant which was the proximate cause of the explosion. It was not sufficient for the plaintiff to show that an explosion happened, where the business of the defendant was lawful and useful, but he was bound to show that the explosion resulted from the negligence of the defendant or its servants; and this he failed to show at the trial. The evidence relating to a light is expressed in a single sentence; i. e. that the workman asked for a candle, and went into the cellar with it. There is no evidence whatever that he lighted it. Indeed, when the rescuing party went to his assistance, before the explosion, they were unable to see him until they were within two feet of him, walking with their heads to the ground, and feeling along it as they advanced, and the inference is not unjustifiable that he had no light. Whether he was overpowered by the fumes of the gas, or whether he had met with an accident in some other way, does not appear. It is not sufficient to surmise

that he had lighted the candle, or that any light caused the explosion. The evidence therefore shows no negligence of the workman which resulted in the explosion, as alleged in the complaint, and the complaint was rightly dismissed.

The judgment should be affirmed, with costs.   All concur.