(43 App. Div. 569.)

MAY v. BERLIN IRON-BRIDGE CO.

(Supreme Court, Appellate Division, Second Department. October 17, 1899.)

1. NEGLIGENCE—PERSONAL INJURIES—PLEADING.

Defendant, in erecting a roof on a building, was required to raise a series of heavy trusses, and place them on piers. The first truss, after being raised, was guyed by ropes, and thereafter the trusses were connected with wooden beams bolted to the trusses to support the construc-

tion. While a truss was being raised, the structure fell, and killed plaintiff's intestate. The complaint alleged the defendant had been negligent in using an insufficient rope, and in not using a sufficient number of beams to tie the structure together; and it further alleged that the work of erecting the same was carelessly and negligently done, and that in consequence thereof, and of the weak and insecure state and improper support of the same as aforesaid, the said trusses fell down into the building. *Held* not to limit defendant's negligence to the sufficiency of the rope and the number of beams.

2. SAME—EVIDENCE.

In an action to recover damages caused by the falling of certain trusses in the roof of a building being erected by defendant, the evidence disclosed that the trusses, after being placed in position, were out of plumb; that the attention of defendant's superintendent was called to their condition on several occasions, and that about 30 minutes before the accident he sent men to remedy the defect; that they found the appliances for so doing defective, and while waiting for new tackle the trusses fell. There was some evidence to contradict the testimony that the trusses were out of plumb. The superintendent testified that he did not know the fact until about the time he sent the men to remedy the defect. *Held*, that the jury were justified in finding that the trusses were out of plumb, and that the superintendent was negligent in failing to observe such fact.

3. SAME—QUESTION FOR JURY.

The evidence, taken in connection with the improbability of the trusses falling unless they were out of plumb, required the submission of the question of negligence to the jury.

4. SAME—EVIDENCE—RES IPSA LOQUITUR.

In an action to recover damages sustained by the falling of certain iron trusses which defendant was placing in the roof of a building, evidence of the mere fact that the trusses fell and injured plaintiff's intestate is not, of itself, proof of negligence on the part of defendant.

5. APPEAL—VERDICT ON CONFLICTING EVIDENCE.

The verdict of a jury, on conflicting evidence fairly submitted to them, is conclusive.

Appeal from trial term, Orange county.

Action by Delia E. May, as administratrix of Henry E. May, deceased, against the Berlin Iron-Bridge Company, to recover for the death of her intestate, alleged to have been caused by the negligence of the defendant. From a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, defendant appealed. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Charles F. Brown, for appellant.

A. H. F. Seeger, for respondent.

GOODRICH, P. J. On April 18, 1898, the plaintiff's intestate was killed by the falling of roof trusses which were being erected at the state armory, in Newburgh. The state had contracted with one Bussman to make certain repairs and improvements on the armory, including a new roof. Bussman contracted with the defendant to furnish and erect trusses for the roof. He afterwards became insolvent, and his sureties employed one Johnson to do certain parts of the work, not including the contract of the defendant. Part of Johnson's work was to prepare the walls and piers for the support of the trusses, placing on the top of the piers flat granite capstones,

which were bolted into the piers, and on which the trusses were to rest. Each truss was 76 feet long and 23 feet high from base to peak, weighed several tons, and had a flat foot 20 by 24 inches in size at each end, to rest on the piers. The trusses were in two sections, designed to be bolted at the peak when placed in position. The first truss was put up about 10 feet from the south end of the armory, and bolted at the peak. It was guyed by ropes to a tree to the south and to a tower at the northern part of the building, in order to hold it in position during the course of construction. There is evidence tending to show that such a method was usual and sufficient. The trusses were to be several feet apart, and as they, after the first, were erected, timbers 3 by 8 inches thick, called "purlins," were used to tie the trusses together and support the construction. These were sufficiently long to extend from each truss to the second and third, so that each purlin tied together three trusses with bolts, for which holes had been left in the purlins and trusses. This method was pursued until six trusses had been raised. While the seventh was being raised, the structure fell, and the intestate, who was at work on the floor in the employ of Johnson, was killed. The plaintiff had a verdict, and from the judgment entered thereon the appeal comes to this court.

The defendant contends that, by the allegations of the complaint, its negligence is limited to the use of an insufficient rope, and to the failure to use a sufficient number of purlins, in the process of erecting the several trusses. The complaint, however, after alleging negligence in these particulars, alleges: "And the work of erecting the same was carelessly and negligently done; that in consequence thereof, and of the weak and insecure state and improper support of the same as aforesaid, the said trusses fell down into the armory building." This allegation is broad enough to destroy the defendant's attempt to limit the issues, and brings us to the question of the causes of the fall of the trusses.

The court charged the jury as follows:

"The question for you to determine is whether or not the plaintiff in this case has satisfied you, by a preponderance of the credible evidence, of the fact for which she contends, that they fell over because the superintendent in charge of his work so negligently conducted it that they were placed out of plumb, allowed to remain out of plumb, and the divergence from a straight upright line increased until the accident occurred."

The defendant contends that the plaintiff has not established the cause of the fall of the trusses, and has not proved any negligence of the defendant in their erection. There was evidence tending to show that the first and other trusses, after they were erected, were out of plumb, and leaning to the south, where the guy was fast to a tree. The witnesses estimated the divergence to be from 4 to 12 inches. There is evidence tending to show that the attention of Dunning, the defendant's superintendent, was called to the fact on several occasions, and that about a half hour before the accident he sent men to the north guy to pull the trussee into vertical position. The north guy had been pulled up so sharply that the pulleys were block to block, making them useless for the purpose of tightening the guy any more,

and it was while new tackle was being prepared to obviate the difficulty that the structure fell. One of the plaintiff's witnesses testified that the sixth truss fell first towards the south, and hit the fifth truss, and that this knocked down all the trusses. There is some testimony to contradict the evidence that the trusses, when erected and at all times thereafter, were more or less out of plumb. Dunning says that he did not know the fact till about a half an hour before the accident, but the jury were justified, on the evidence, in finding that the trusses were out of plumb for several days, and that Dunning was negligent in failing to observe such fact. For some time after the first truss was put in place there was a plumb line on it, but this was removed after the second truss was erected.

We do not agree with the contention of the plaintiff that the maxim, "Res ipsa loquitur," applies to this issue. There are two classes of cases to which it has been frequently applied,—those relating to the liability of carriers of passengers, and those where there has been interference with the safety of a public highway. Beyond these classes of cases the courts have not been swift to apply the rule. In Cosulich v. Oil Co., 122 N. Y. 118, 25 N. E. 259, the court refused to apply it where an explosion had occurred on the defendant's premises, which caused petroleum to run into the river, whereby plaintiff's vessel at an adjacent wharf was burned. The court held that it was incumbent on the plaintiff to establish negligence as an affirmative fact, and that the simple fact of an explosion did not point to unskillfulness or carelessness or defect in construction or omission to keep in repair. But in the present case we think that evidence that the trusses were out of plumb when erected, and continued to remain so, taken in connection with the impossibility of their falling so long as they remained plumb, was sufficient to establish negligence prima facie. This being true, there was evidence requiring the court to submit the question of negligence to the jury, and, the question having been fairly submitted to the jury, the verdict is conclusive. For these reasons, the judgment should be affirmed.

Judgment and order unanimously affirmed, with costs. All concur.