(29 Misc. Rep. 637.)

### WODROCZKA v. CONSOLIDATED GAS CO. et al.

(Supreme Court, Appellate Term.   November 29, 1899.)

1. NEGLIGENCE—OWNERSHIP OF PROPERTY—CAUSING INJURY.
   In an action for damages caused by a neighboring gas holder falling on property of plaintiff, the only evidence of defendant's ownership or control over the gas holder was a contract for its construction within a certain time, in which defendant was denominated "owner"; but it was not shown that the contract had been completed, or whether the contractors or the owner was in control of it.   *Held* insufficient to show control by either the owner or contractors.

2. SAME—PRESUMPTIONS.
   Proof of the collapse of the gas holder, alone, was insufficient to raise the presumption of negligence.

Appeal from municipal court, borough of Manhattan, Seventh district.

Action by Boheimil Wodroczka against the Consolidated Gas Company and others.   From a judgment for defendants, plaintiff appeals.   Modified and affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Morris Cukor, for appellant.
Turner, McClure & Rolston, for respondent Consolidated Gas Co.
Frank Verner Johnson, for respondents W. J. & F. J. Logan.

MacLEAN, J.   In this action, to recover damages for injury to personal property by the falling of part of a neighboring gas holder upon the building wherein the plaintiff was at work, there is utter absence of proof of ownership or control over the gas holder at the time of the accident.   The only evidence relating to ownership consisted in the introduction in evidence of a contract between the defendants, the Consolidated Gas Company and the Logans, dated April 15, 1898, in which the gas company is denominated "owner."   Reference to the contract discloses that the Logans had agreed to erect "a quadruple section gas holder, with steel tank and guide frame, and other appurtenances," for the gas company, and to "complete the same within six months after the time when the foundation to be prepared by the owner for the reception of the said tank and gas holder is sufficiently advanced to allow the contractor to commence work."   There is nothing in the case to show that the work was completed.   This contract provided for the erection of nothing shown to be unlawful.   The alleged accident occurred on December 13, 1898.   If the contractors were still in control, they were the parties to look to.

If the work had been completed and turned over, the gas company was the party to look to, provided it was at the time the owner, or in possession and control. In this particular the contract avails nothing, because it proves nothing as to possession or control by either of the defendants at the time of the accident.

Assuming, however, that the plaintiff did establish that the company or the contractors were, either or both, in possession and control at the time of the accident, the plaintiff still failed to establish negligence on their part. He "failed to recognize a distinction, which has been carefully guarded by the courts of this state, as well as by nearly all other jurisdictions in this country, between actions founded in negligence, where a contract relation existed between the parties, and those in which the defendant owed no other duty than to use such ordinary care and caution as the nature of his business demanded, to avoid injury to others." Cosulich v. Oil Co., 122 N. Y. 118, 126, 25 N. E. 259. He failed to give evidence of other facts from which an inference of the fact of negligence could be drawn; proof of the collapse of the tank, alone, being insufficient to raise the presumption of the fact of negligence under the doctrine of res ipsa loquitur. The distinction referred to in the Cosulich Case applies to the present case, but, there being merely want of merit in the proof, the judgment should be modified by striking therefrom "on the merits," and as thus modified affirmed; leaving the plaintiff to take such further action, if any, as may be advised. Code Civ. Proc. § 1209.

Judgment modified accordingly, and as modified affirmed, with costs. All concur.