(30 Misc. Rep. 301.)

PIESCHEL v. MINER.

(Supreme Court, Trial Term, New York County. January, 1900.)

1. NEGLIGENCE—EVIDENCE—DEFECT NOT DISCOVERABLE.

In an action for damages for injuries received by plaintiff, while in the orchestra of defendant's theater, by the fall of an iron hook from above the stage, while in use of the stage carpenter, where it did not appear that the use of such a hook in good condition was negligence, or whether the defect, which probably existed, was discoverable on inspection, the complaint was properly dismissed.

2. PRESUMPTION OF NEGLIGENCE—INCONSISTENT FACTS.

Where, in an action for damages for injuries resulting from defendant's alleged negligence, the plaintiff's evidence raised a presumption of negligence, the presumption was overcome, without any showing of care, by proof of circumstances whereby the injury might have resulted from a variety of causes, all equally probable, and for some of which defendant was not responsible.

Action by Paul Pieschel against Henry C. Miner. Motion to set aside a dismissal of the complaint. Denied.

Lawrence & Hughes, for plaintiff.

Evarts, Choate & Beaman, for defendant.

DUGRO, J. Plaintiff moves to set aside a dismissal. He showed that, while in the orchestra of defendant's theater, he was injured through the fall of an iron hook from above the stage. The defendant, through a witness called by the plaintiff, showed that the hook fell while in use by the stage carpenter. There was no evidence of the character of any defect which existed prior to the accident, or that the tool was unsuited to the work. It does not appear that the use of such a fire hook in good condition was careless; and so, as a defect probably existed, negligence depends upon whether the defect was discoverable upon inspection or not. The case is bare of evidence upon this point. The dismissal was, therefore, right. Gavin v. Rogers, 17 Sc. Sess. Cas. (4th Ser.) 206; Beven, Neg. 141; Thomas, Neg. 574. The point that, if a presumption of negligence arises from the circumstances of a case as presented by a plaintiff, the defendant must show care, is not well taken. To meet the presumption, it is sufficient to show circumstances inconsistent with its existence, though they be insufficient to prove care. As illustrative, a plaintiff's prima facie case made by a presumption of death, due to an absence of seven years, may be met by evidence of presence within the seven years, though there be no showing of life. The presumption of negligence, if it exists, arises, among other things, from an absence of explanation by defendant; but, so soon as an explanation is made, and shows a situation wherein the accident may have happened from a variety of causes, any of which is equally probable, and some of which may be due to defendant's default, while others are due to influences for which he is not responsible, the accident is not to be presumed to fix the defendant with liability. Beven, Neg. 141; Cosulich v. Oil Co., 122 N. Y. 118, 25 N. E. 259; Dobbins v. Brown, 119 N. Y. 188, 23 N. E. 537.

Motion denied.