(80 App. Div. 474.)

## O'BRIEN v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.  March 26, 1903.)

1. SERVANT—INJURY—NEGLIGENCE OF MASTER OR THIRD PERSON—VERDICT—
RELEASE OF MASTER.

    Plaintiff's decedent, while employed as driver of an express wagon, was caught between his wagon and a street car, and killed. Plaintiff's evidence tended to show that as decedent was crossing the track a wheel came off his wagon, and the car came on, and caught and killed him. Defendant's evidence tended to show that the car had stopped, or almost stopped, and that while the wagon was passing the car the wheel came off and threw the wagon against the car, and that he was caught between the wagon and car and killed. There was no evidence as to how or why the wheel came off, or that it was the result of the negligence of decedent's employer. The court charged that, "if the coming off of the wheel was what caused the accident, there must be a verdict for the defendant." There was no request for a charge based on the assumption that the accident was occasioned in part by the coming off of the wheel, irrespective of any question of negligence in that regard. *Held*, that the verdict for plaintiff was on the theory that the accident was caused solely by the negligence of defendant's motorman; hence a release executed by plaintiff of decedent's employer did not discharge defendant.

Appeal from Trial Term, Kings County.

Action by Mary A. O'Brien, as administratrix of Edward J. O'Brien, deceased, against the Brooklyn Heights Railroad Company. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

I. R. Oeland, for appellant.

Henry Escher, Jr. (George F. Elliott, on the brief), for respondent.

HIRSCHBERG, J.  One question only is presented on this appeal. It relates to a release executed by the plaintiff to the Long Island Railroad Company, which the appellant contends operated to discharge it from liability as a joint tort feasor.

The plaintiff's intestate was killed by collision with one of defendant's cars while he was engaged in driving a wagon in the service of the Long Island Express Company, a corporation operated and controlled by the Long Island Railroad Company. Shortly before, if not at the precise time of, the accident, a wheel came off the wagon, causing it to tip. The plaintiff's intestate was thrown over upon the seat, and was caught between the wagon and the car, and killed. The learned counsel for the appellant states the issue, in his brief, as follows:

    "Two entirely different versions were given on the trial. Plaintiff's witnesses contended that while the deceased was crossing the track, and at a sufficient distance to avoid the accident, had the motorman used care, the wheel came off of his wagon, and the car came on, and caught him and killed him. The defendant contended that the car was stopped, or almost stopped, and that while the plaintiff's intestate's wagon was passing the car the wheel came off and threw the wagon against the car, and that he was caught between the wagon and car and killed."

The issue thus presented was submitted to the jury in a clear, accurate, and impartial charge, and the result, in so far as it determines the appellant's negligence and the plaintiff's intestate's freedom from negligence, and assesses the damages, is unchallenged.

The rule, of course, is well settled that a party receiving injury from the wrongful acts of others is entitled to but one satisfaction, and that an accord and satisfaction, or a release or other discharge, by the voluntary act of the party injured, of one of two or more joint tort feasors, is a discharge of all. Delong v. Curtis, 35 Hun, 94; Barrett v. The Third Avenue R. Co., 45 N. Y. 628, 635; Knapp v. Roche, 94 N. Y. 329, 334. The verdict of the jury must be assumed, however, to include a finding that the accident in this case was not occasioned by the coming off of the wheel, excepting in the sense that but for that fact the accident would not have happened, as the plaintiff's intestate would otherwise have driven off the track before the car reached the point of the collision. The theory upon which the verdict was rendered is that, while the plaintiff's intestate was helpless upon the track because the wheel had come off, the defendant's motorman negligently came down upon him and crushed him, although there was adequate notice and ample time to have avoided such a result by the exercise of ordinary care. Moreover, there is no proof in this case tending to establish that the coming off of the wheel was due to negligence on the part of the Long Island Railroad Company. The fact that the wheel came off is detailed, but nothing whatever as to how or why. There is no presumption that it was the result of negligence. Cosulich v. S. O. Co., 122 N. Y. 118, 25 N. E. 259, 19 Am. St. Rep. 475; Morris v. Railway Co., 148 N. Y. 182, 42 N. E. 579. No motion was made for a dismissal at the close either of the plaintiff's case or of the entire case; the question under consideration being raised on the trial only by a request to charge that "if the accident was due partially to the wheel coming off, and the wheel coming off was due to the negligence of the Long Island Railroad Company, there must be a verdict for the defendant." This the court declined to charge, but added that "all I can charge under that head is that, if the coming off of the wheel was what caused the accident, then there must be a verdict for the defendant." The same instruction was contained in the main charge. There was no request for a charge based on the assumption that the accident was occasioned in part by the coming off of the wheel, irrespective of any question of negligence in that regard, and the statement of the law made by the learned trial justice on the point presented must be regarded as being as favorable for the appellant as the facts of the case would warrant.

The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.