WILSON v. METROPOLITAN ST. RY. CO. (Supreme Court, Appellate Division, First Department. April 20, 1906.) Appeal from Trial Term, New York County. Action by Catherine A. Wilson against the Metropolitan Street Railway Company. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed. Edward D. O'Brien, for appellant. Abel Crook, for respondent.

PER CURIAM. Judgment affirmed, with costs.

INGRAHAM, J. (dissenting). I do not concur in the affirmance of this judgment, as I think the charge, made at the request of the plaintiff, that, "it being proved that the plaintiff, a passenger in one of the defendant's cars, was thrown down by reason of the car in which she was riding coming in collision with another in front upon the same track, operated by the same defendant, the negligence of the defendant is presumed," was error which requires a reversal of the judgment. In the main charge the learned trial judge, after stating the general proposition that if the injury was sustained in consequence of the negligence of the defendant, without any fault or negligence on her part, the plaintiff was entitled to recover, and that the burden of proof was upon the plaintiff to establish by a preponderance of evidence that the injury, if any, which she received was due to the negligence of the defendant in the operation and management of the road controlled by it, said: "There are some other charges upon this phase of the case which will be taken up when I consider the requests from both sides, but I will not enlarge upon them now." The court, then charged, at the request of the defendant, that "no verdict can be rendered for plaintiff unless she has proved by a preponderance of credible testimony two things: (1) That the injury was received through the negligence of the defendant; (2) and that no negligence of plaintiff herself contributed in the slightest degree to her injury;" and that "if the motorman of the car in which the plaintiff was a passenger used reasonable care to bring his car to a stop instantly, and the accident was due to a mere error of judgment, without negligence, the verdict must be for the defendant;" and also, "if any presumption of negligence arising from the mere fact of collision of the cars has been rebutted by the evidence of the defendant, the burden of proving negligence of defendant causing her injury rests upon the plaintiff. If upon the whole evidence the conclusion of negligence or absence of negligence can be drawn with equal fairness, that burden is not discharged, and the verdict must be for the defendant." Then follows the charge at the request of the plaintiff to which attention has been called. The application of the maxim "res ipsa loquitur" which applies in this case is not a presumption, but a rule of evidence; and the application of the maxim to an action to recover for personal injuries is a rule of evidence. There is imposed upon a common carrier the obligation to use care and prudence in operating its road for the protection of its passengers, and where an injury results to a passenger, caused in the operation of the road in the control of its employés, the fact of the accident is evidence from which a jury can find that it was caused by negligence. It is not a presumption of negligence, but a question of the sufficiency of the evidence of negligence. The question of negligence is always one of fact to be determined from the evidence, and a verdict cannot be based upon a presumption of law that the defendant was negligent. The proper rule is stated in Cosulich v. S. O. Co., 122 N. Y. 127, 25 N. E. 261, 19 Am. St. Rep. 475: "But when the thing causing the injury is shown to be under the control of the defendant, and the accident is such as in the ordinary course of business does not happen if reasonable care is used, it does, in absence of explanation by the defendant, afford sufficient evidence that the accident arose from want of care on its part." The whole subject of the application of the maxim "res

ipsa loqitur" was considered by the court of Appeals in Griffen v Manice, 166 N. Y. 188, 59 N. E. 925, 52 L. R. A. 922, 82 Am. St. Rep. 630. In that case it is said by way of illustration: "If it be shown, however, that he was precipitated against the seat by reason of the train coming in collision with another train, or in consequence of the car being derailed, the presumption of negligence arises. The 'res,' therefore, includes the attending circumstances, and, so defined, the application of the rule presents principally the question of the sufficiency of circumstantial evidence to establish, or to justify the jury in inferring, the existence of the traversable or principal fact in issue—the defendant's negligence. The maxim is also in part based on the consideration that, where the management and control of the thing which has produced the injury is exclusively vested in the defendant, it is within his power to produce evidence of the actual cause that produced the accident, which the plaintiff is unable to present." The use of this language, "the presumption of negligence," if standing by itself, might indicate a legal presumption which the jury were bound to apply. What follows, however, I think, clearly illustrates the meaning of the learned Chief Judge and expressly negatives such a construction. He speaks of the presumption of negligence, but immediately afterwards he says that "the application of the rule presents principally the question of the sufficiency of circumstantial evidence to establish, or to justify the jury in inferring, the existence of the traversable or principal fact in issue, the defendant's negligence," and that the res includes the attending circumstances, and was evidence to be considered by the jury in determining whether the accident was caused by the defendant's negligence. The question of the defendant's negligence was to be determined upon the evidence, including the inferences to be drawn from the attending circumstances, with the explanation offered by the defendant; but the general rule still applied that the burden was upon the plaintiff to show negligence, and the jury could only find a verdict for the plaintiff when they were satisfied by a preponderance of evidence that the accident was caused by the negligence of the defendant. This charge of the learned trial court, standing by itself, instructed the jury that from the happening of the accident negligence was presumed, and I do not understand that the jury were justified in presuming negligence, but were only to determine from the evidence whether or not negligence as a fact existed.