LAURELLA MORRIS, as Administratrix, etc., Respondent, *v.* THE LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY COMPANY, Appellant.

1. NEGLIGENCE — EVIDENCE.   Negligence is not to be presumed; but to justify the submission of that question to a jury there must be more than a mere surmise that there may have been negligence on the part of the defendant.   There must be evidence upon which the jury may reasonably and properly conclude that there was negligence.

2. CONTRIBUTORY NEGLIGENCE.   A person cannot place himself in a position of danger simply for the protection of his property (as, *e. g.*, by going upon a railroad track at a farm crossing, knowing that a train is approaching, for the purpose of endeavoring to save his cattle by getting them over the track before the train reached the crossing), without being guilty of such negligence as will preclude a recovery for a personal injury received in so doing.

*Morris* v. *L. S. & M. S. R. Co.* (79 Hun, 611), reversed.

(Argued January 7, 1896; decided January 14, 1896.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made June 20, 1894, which affirmed a judgment in favor of plaintiff entered upon a verdict, and also affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James F. Gluck* for appellant.   There was no evidence even tending to show negligence on the part of the defendant. On the contrary, direct evidence was given by the plaintiff's witness establishing freedom from negligence on the part of the defendant.   The submission of this question to the jury was, therefore, error and the exceptions thereto were well taken.   (*Pakalinsky* v. *N. Y. C. & H. R. R. R. Co.*, 82 N. Y. 427; *Cosgrove* v. *N. Y. C. & H. R. R. R. Co.*, 87 N. Y. 91; *L. S. & M. S. R. Co.* v. *Miller*, 25 Mich. 274; *Spooner* v. *D., L. & W. R. R. Co.*, 115 N. Y. 22; *Schittenhelm* v. *L. & N. R. R. Co.*, 19 A. & E. R. R. Cas. 111.) It

did not appear that the intestate exercised due care. There is no evidence showing or tending to show that he exercised any care whatever; on the contrary, all the testimony in the case tends to show that if he had exercised the slightest degree of care, the injury would have been avoided. The submission of this question to the jury was error and the exceptions thereto were well taken. (*Deville* v. *S. P. R. Co.*, 50 Cal. 383; *Stevens* v. *O. S. R. R. Co.*, 18 N. Y. 422; *Brooks* v. *B. & N. F. R. R. Co.*, 25 Barb. 600; *Barker* v. *Savage*, 45 N. Y. 191; *Eckert* v. *L. I. R. R. Co.*, 43 N. Y. 502; *Nash* v. *N. Y. C. & H. R. R. R. Co.*, 125 N. Y. 715; *Wilds* v. *H. R. R. R. Co.*, 24 N. Y. 430; *Schneider* v. *S. A. R. R. Co.*, 133 N. Y. 583.)

*Ansley Wilcox* for respondent. The question of contributory negligence was for the jury to pass upon as a question of fact. (Laws of 1850, chap. 140, § 44; *Wademan* v. *A. & S. R. R. Co.*, 51 N. Y. 568; *Wusmer* v. *D., L. & W. R. R. Co.*, 80 N. Y. 212.) The defendant's negligence was also a question for the jury. (*Voak* v. *N. C. R. R. Co.*, 75 N. Y. 320.) Where there is conflicting evidence the verdict should be set aside only in such an extreme case that it is fair to infer that it has resulted from prejudice or improper influence. (*Colt* v. *S. A. R. R. Co.*, 1 J. & S. 189; 49 N. Y. 671; *Pratt* v. *Ins. Co.*, 130 N. Y. 206, 212.) The respondent is entitled to have the evidence construed most favorably to her, and if the decedent found himself and his property in sudden danger he was not bound to exercise the best judgment, and whether he exercised due diligence under all the circumstances of the case was a question of fact for the jury. (*Sherry* v. *N. Y. C. & H. R. R. R. Co.*, 104 N. Y. 652; *Greany* v. *L. I. R. R. Co.*, 101 N. Y. 419.) The questions of the negligence of the defendant and of contributory negligence were questions of fact for the jury, and could not be decided as matters of law upon the evidence in this case. (*Doyle* v. *P. & N. Y. C. & R. R. Co.*, 139 N. Y. 637; *Feeney* v. *L. I. R. R. Co.*, 116 N. Y. 375.) The circumstances of a case like the present one

do not require that freedom from contributory negligence should be shown by direct testimony, but they permit the inference to be drawn from the general tendency of all the evidence in favor of the plaintiff. (*Boyce* v. *M. R. Co.*, 118 N. Y. 314.)

MARTIN, J. This was an action to recover damages sustained by the death of the plaintiff's intestate, and it was based upon the alleged negligence of the defendant.

The decedent resided upon a farm in the town of Ripley, Chautauqua county. The defendant's road passed through the farm, and over the railroad was a farm crossing which had been provided by the defendant. The decedent's house and barns were upon one side of the railroad, while his pasture was upon the opposite side. On the 25th day of August, 1881, the decedent was struck and killed by a passing train at or near the crossing. At the time he was driving his cows from the pasture to his house or barns. The defendant's right of way was sixty-six feet in width, and there was a gate on each side of the crossing. The decedent's house, where he had lived many years, was in sight of the track, and he was familiar with the time the defendant's trains passed his place. The train which caused the accident passed over this crossing at a high rate of speed at about the same time each day, and the decedent knew that it was often late. The grade and tracks of the railroad in that vicinity were from three to six and a half feet above the surface of the adjacent land. There were two tracks of the usual width, about eight feet apart. The train was upon the north track, and the decedent approached the road from the south. The north track being about thirty-seven feet from the south gate, the decedent had to travel that distance before reaching the place where the injury occurred. The track was straight from the crossing west for about 1,450 feet, and a person on the south track could see a train coming from the west about that distance, and could be seen from the engine the same distance, but if at the south gate he could see the train and be seen by the engineer

for only about 556 feet. The evidence is to the effect that at the time, or immediately preceding the accident, the defendant was trying to hurry his cows across the defendant's railroad in front of the approaching train, and that the cows were huddled together. The engineer could have seen the cows on the track when he was about 1,450 feet from the crossing, if they were there at that time, but there is no evidence that they were, and any conclusion to that effect was necessarily based upon mere speculation or conjecture.

The plaintiff's witnesses testified that no bell was rung, or whistle sounded as the train approached the Dixon crossing, which was 556 feet west of the place of the accident. This was denied. So far as there was any evidence upon the subject, it tended to show that when the accident occurred the decedent, while endeavoring to save his cows by getting them over the track before the train reached the crossing, placed himself in a position of danger which resulted in his death.

The case was submitted to the jury upon the theory that it might find that the defendant's engineer was negligent in not giving a signal, or in not stopping the train before the accident, upon the supposition that the cows were upon the track and could have been seen by the engineer at a distance from the crossing that would have enabled him to avoid the accident; although there was no such evidence.

We are of the opinion that the evidence was insufficient to justify the court in submitting to the jury the question of the defendant's negligence. As the trial court in effect said, the defendant owed the decedent no duty to sound its whistle or ring its bell either at the Dixon crossing or the farm crossing where the accident occurred. The evidence was insufficient to sustain the proposition that the defendant's engineer was negligent in not seeing the cows upon the track in time to avoid the accident, and was too speculative and uncertain to uphold the finding of the jury. Negligence is not to be presumed; but to justify the submission of that question to a jury, there must be more than a mere surmise that there may have been negligence on the part of the defendant. There

must be evidence upon which the jury might reasonably and properly conclude that there was negligence.

The burden of showing that her intestate was free from contributory negligence rested upon the plaintiff. That she has not successfully borne that burden is quite manifest. The only theory upon which the respondent now seeks to uphold the refusal of the court to non-suit, upon the ground that the decedent was guilty of contributory negligence, is that, although the decedent knew that the train was approaching, he was justified in placing himself in a position of danger to rescue his property from injury or destruction. We think the principle contended for cannot be sustained. In *Eckert* v. *The Long Island Railroad Co.* (43 N. Y. 502) it was in effect held that a person could not place himself in a situation of danger simply for the protection of his property, without being guilty of such negligence as would preclude his recovery. In *Schneider* v. *The Second Avenue Railroad Co.* (133 N. Y. 583) it was said: "If the party by his own negligence has placed himself in a situation of peril, and being called upon in a sudden exigency to act, mistakes his best course through an error of judgment, he is not thereby relieved."

A careful examination of the evidence in this case leads us to the conclusion that the evidence was not sufficient to justify the submission to the jury of either the question of the defendant's negligence, or the question of the decedent's freedom from contributory negligence, and that the court erred in denying the defendant's motion for a non-suit.

It follows that the judgment appealed from should be reversed, and a new trial granted, with costs to abide the event.

All concur, except Andrews, Ch. J., and Haight, J., not sitting; Vann, J., not voting.

Judgment reversed.