KRZYWOSZYNSKI v. CONSOLIDATED GAS CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. April 24, 1896.)

NEGLIGENCE—EVIDENCE—FAILURE OF PROOF.

In an action for personal injuries caused by explosion of gas in a cellar, where it appeared that the gas leaked into the cellar through a break at

the junction of the service pipe with the "riser" leading up into the house, and that defendant's workmen were engaged in repairing the mains opposite the house, but there was no evidence to show that their work in any way affected the service pipe, or to connect them in any way with the condition of such pipe, the complaint was properly dismissed, there being nothing to show negligence on the part of defendant or its servants.

Appeal from superior court of New York City, jury term.

Action by Frank Krzywoszynski, an infant, against the Consolidated Gas Company of New York, to recover damages for personal injuries alleged to be due to defendant's negligence. There was judgment dismissing the complaint, and plaintiff appealed. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, and PATTERSON, JJ.

Morris Cukor, for appellant.
Franklin B. Lord, for respondent.

PATTERSON, J. This is an appeal from a judgment entered in favor of the defendant upon the dismissal of the complaint at the trial in the superior court, and from an order denying a motion for a new trial. The action was brought to recover damages for personal injuries sustained by the infant plaintiff, which injuries were caused by an explosion of illuminating gas which took place at the premises No. 172 Eldridge street, in the city of New York, on the 18th day of May, 1892; the allegation of the complaint being that the explosion occurred in consequence of the negligence of the defendant's servants, who were working about and in the street in front of the premises mentioned. The cause was tried twice. At the first trial a verdict in favor of the plaintiff was found by the jury. On appeal the judgment entered upon that verdict was reversed by the general term of the superior court of the city of New York (31 N. Y. Supp. 857) on the ground that there was no evidence to establish negligence on the part of the defendant's servants. The second trial was had before the same learned judge who presided at the first trial, and on that second trial all the testimony given on the first trial was read to the jury by consent of the parties. Additional testimony of a witness called and examined was also given, but it was held by the court that that additional testimony did not so change or modify the facts as to justify a submission of the issues to the jury, and that, following the decision of the general term, he was obliged to dismiss the complaint.

The question arising on this appeal is, was there proof sufficient to go to the jury as making out a prima facie case of negligence on the part of the defendant's workmen? and it involves a consideration of all the evidence presented. Of positive and direct evidence of any act or acts constituting negligence, the record is barren; but in a case of this character it is not absolutely necessary to a recovery that a witness should be able to testify from personal knowledge or observation, to the particular fact relied upon as constituting negligence, but where, from the condition of the proof, an

inference may be justly and fairly drawn of negligence on the part of the defendant, the circumstances should be submitted to the jury, and it is for them to decide whether the negligence existed or not. On the first trial of this cause the evidence was not sufficient. All that appeared was that the infant was standing with his brother on the cellar door in front of the premises referred to; that the defendant's servants had been working in the street, repairing or rearranging the gas mains in Eldridge street, opposite the premises in which the explosion took place, and that they had been engaged in that work in the street for several days; that leakage of gas had taken place in the cellar of the house No. 172 Eldridge street, and that it caused a great deal of annoyance to the occupants of that house, and that it was also observable by residents in the neighborhood; that the attention of one of the workmen of the defendant was called to the escape of the gas, and that he entered the cellar of the house referred to for the purpose of ascertaining where the leakage was to be located; and that while he was there, and, from all that appeared, without any fault on his part, the explosion took place, in consequence of which the plaintiff was injured. There was really nothing to show distinctly what the cause of the explosion was, nor in what way the defendant's servants were connected with the inducing cause of that explosion. But upon the second trial further testimony was given by a witness by the name of Michael Drucker, who was an occupant of the premises 171 Eldridge street, directly opposite the house in which the explosion took place. He swore that for a day or two before the 18th of May he had noticed that the defendant's workmen were engaged in looking after the mains in the street; that in the afternoon of the day on which this explosion took place he went to the workmen, and asked them what was the matter,—there was such a smell of gas (they were working then in front of 172 Eldridge street); that then he went over to No. 172, and found out where the smell of gas came from. He does not say he went into the premises, but from where he stood he saw that the service pipe leading from the main into the premises was open at the house end, and, as he expresses it, was "sticking out in the cellar," and that the service pipe was not connected with the house pipe, or, as it is technically termed, the "riser," but that it was open a space of two inches between the two pipes. All this additional testimony does not change the conditions, as affecting the negligence of the defendant's servants in doing work they were employed on; for it does not appear that the sidewalk was disturbed, or that they had made any excavation, or interfered in any way with the pipes leading from the mains to the house, or that they had anything to do with the service pipe, in such a way as to break the connection between the service pipe and the riser, or to interfere with the gas arrangements inside the cellar. Nor is it suggested how, or in what way, merely working in and about the mains in the middle of the street could interfere with the house connection so as to cause a rupture or a leakage at the point at which the witness Drucker saw it. The only evidence with respect to the place at

which the defendant's workmen were employed is that of the witness Ballauf, that the middle of the street was open, and that they were repairing the pipes there, for two or three days (the gas pipes in the middle of the street) and the testimony of the witness Conlin, who says that on the day on which the explosion occurred he was conducting the service across the street where the main was laid, on Eldridge street; that is to say, on the opposite side of the street to the premises in which the explosion took place. If the escape of gas, therefore, was at the point testified to by Drucker,—and it is his testimony alone that indicates the point of leakage,—it is impossible to see how the defendant's servants were in any way connected with, or responsible for, the condition of the pipes at that point; and in the absence of testimony showing some connection of the defendant's workmen with the service pipes at or near that point, or that the pipes at the house would necessarily be affected by working at the mains, the court below was right in dismissing the complaint.

The judgment and order denying the motion for a new trial must be affirmed, with costs. All concur.