<hr />

KIRBY v. PRESIDENT, ETC., OF DELAWARE & H. CANAL CO. et al.

(Supreme Court, Appellate Division, Third Department.   September 8, 1897.)

1. NEGLIGENCE—EXPLOSIONS—PRESUMPTION.
The mere fact of the explosion of the heating apparatus in an hotel, while the apparatus was under the control and management of the owner, is not, in the absence of any contractual relation between the parties, evidence sufficient to charge the owner with negligence.

2. SAME—EVIDENCE—PROVINCE OF JURY—DISCREDITING TESTIMONY.
In an action for negligence, where plaintiff called defendant, and defendant testified that the facts showing negligence did not exist, plaintiff was not entitled, without introducing further evidence, to go to the jury on the question of negligence, on the theory that they might discredit defendant's testimony, and on its assumed falsity base a finding of negligence.

**3. CARRIERS—STATIONS—NEGLIGENCE—PRESUMPTION.**

　　Where a carrier occupies a portion of a third person's hotel as a ticket office and waiting room, heated by apparatus which it did not put in or control, the mere fact of an explosion of the heating apparatus is not sufficient, in an action for personal injuries, to require the carrier affirmatively to show proper care and precaution on its part.

**4. CARRIERS—PASSENGER DEPOTS—EXPLOSIONS—NEGLIGENCE.**

　　On the burning of its passenger depot, a railroad company temporarily occupied as a ticket office and waiting room a portion of an hotel occupied by the family of its proprietor and by guests and travelers. During the company's occupancy, the landlord placed in the hotel an approved heating apparatus. The company paid no attention, by inspection or otherwise, to the heating apparatus, to ascertain whether it was a safe apparatus, or properly operated. The apparatus was not dangerous in its character, was properly installed, and dangerous only when improperly operated, and the landlord had been instructed how to operate it. The apparatus exploded, and a passenger in the waiting room was injured. *Held*, that the company was not negligent.

Action by Sarah Kirby against the president, managers, and company of the Delaware & Hudson Canal Company, and Dell Brown for personal injuries received in consequence of the explosion of a hot-water heating apparatus in an hotel of which defendant Brown was owner and proprietor, and in which defendant railroad company, by permission of defendant Brown, had a ticket office; plaintiff being at the time of the accident in the sitting room of the hotel, which was from time to time used by ladies waiting for trains, she having gone there after taking a meal at the hotel, to wait for defendant's train on which she was to proceed on her trip. From a judgment for plaintiff, and an order denying a new trial, defendants appeal. Reversed

Argued before PARKER, P. J., and LANDON, HERRICK, and MERWIN, JJ.

Lewis E. Carr, for appellant Delaware & H. Canal Co.

Henry A. Johnson (John H. Peck, of counsel), for appellant Dell Brown.

Warren, Patterson & Faulkner (Charles E. Patterson, of counsel), for respondent.

HERRICK, J. There was no contractual relation existing between the plaintiff and the defendant Brown at the time of the accident, and he simply owed to her the ordinary care and duty that any person owes to another in the conduct of his business or the care and management of his property; and the mere fact of the explosion while the apparatus was under the control and management of the defendant is not, in the absence of any contractual relation, evidence sufficient to charge the defendant with negligence. Cosulich v. Oil Co., 122 N. Y. 118, 25 N. E. 259; Reiss v. Steam Co., 128 N. Y. 103, 28 N. E. 24. The action is based upon the alleged negligence of the defendants, and the fact of negligence must be affirmatively established by the plaintiff, either by direct affirmative evidence, or affirmative evidence of facts and circumstances from which the inference of negligence may be legitimately drawn. This burden of proof rests upon the plaintiff all through the case. The evidence here is that the defendant Brown employed a reputable firm, engaged in the business of mak-

ing and supplying heating apparatus, to put one in his hotel; that the system contracted for was one in common use, and is not a dangerous system. Brown had nothing to do with its construction or installation. So far as the evidence shows, there was no defect in the plant, except that at times the water overflowed from the overflow tank; but that was not a source of danger, but simply of inconvenience to the defendant Brown, in wetting his carpets and the floor and ceiling underneath such tank. Brown himself made no attempt to remedy that defect, but applied to the firm that constructed and furnished the heating apparatus. They sent a person in their employ, who placed in it a valve, and gave Brown instruction how to operate it. The evidence is that there is nothing inherently dangerous in the valve; that, if properly operated, it is safe; and that, if operated and placed in the manner and position that Brown had been instructed it should be operated and placed, no danger was to be apprehended. Up to this point in the case there is no evidence from which the jury could properly infer negligence on the part of Brown. He had simply contracted with a reputable firm to place a heating apparatus in his house; not an experimental system, but an approved system, and asked them to remedy a defect, which they had done. He had not in any wise meddled with it himself. Is there, then, any evidence of negligence in the operating and management of the apparatus?

It is contended upon the part of the respondent that the defendant was negligent in the operation of the valve; that that prevented the expansion of the water when it became heated, thus causing the explosion. We have seen there was nothing inherently dangerous in the valve itself. It was only dangerous if improperly operated; and, if operated in the manner Brown had been instructed to operate it by the man who placed it, it was safe. It was incumbent upon the plaintiff, if she intended to impute negligence to the defendant in the operation of the valve, to prove it. There must be more than a mere surmise that there may have been negligence on the part of the defendant. Morris v. Railway Co., 148 N. Y. 182, 185, 42 N. E. 579. The only evidence upon that subject was given by the defendant Brown, who was called as a witness by the plaintiff. Without recapitulating his evidence, it is sufficient to say that he testified that he operated the valve in the manner, and left it in the position, he had been instructed to do by the man who placed it.

The plaintiff claims that she is not bound by the defendant's testimony, although she called him as a witness, and that the jury was at liberty to reject his testimony, though uncontradicted, because of his being a party. Assuming, but not deciding, that the plaintiff is right in those respects, still the discrediting or rejection of Brown's evidence as to the manner in which he operated the valve does not affirmatively establish the fact that he was negligent. If evidence of the explosion alone made out a prima facie case of negligence, and it then became incumbent upon the defendant Brown to show affirmatively proper management of the heating apparatus by him, then the rejection or discrediting of his testimony by the jury would leave the plaintiff's case established. But here no such burden rested upon Brown, and the rejection of his testimony simply leaves the case without any evi-

dence upon the matter testified to by him. The rejection of Brown's testimony does not warrant the jury, in the absence of any other evidence, in basing an affirmative finding of fact upon the assumed falsity of his evidence to the contrary. A party upon whom it is incumbent to prove an alleged fact cannot call his adversary as a witness as to that fact, elicit testimony from him to the effect that such alleged fact has no existence, and then call upon the jury to discredit the evidence of such adversary simply because he is interested as a party, and to base upon the assumed falsity of his evidence an affirmative finding of the existence of such alleged fact, without any other evidence of its existence, or from which it may be inferred. It follows, from what I have said, that there was no evidence as to the manner in which the heating apparatus was operated from which the jury could find negligence upon the part of the defendant Brown, and the judgment as to him should be reversed.

We then come to the consideration of the liability of the railroad company. The trial court charged the jury that it could not render a verdict against the company unless it also found that there was some negligence upon the part of Brown. We must therefore necessarily assume that the jury found negligence upon the part of Brown; otherwise, it would not have rendered a verdict against the railroad company, and it would follow, from the conclusion I have arrived at, that there is not sufficient evidence in the case to warrant an affirmative finding of negligence on the part of Brown, that the judgment should also be reversed as to the railroad company, without discussing any other aspect of the case. But, inasmuch as this case has already been twice tried, it is perhaps proper to discuss the question of the liability of the railroad company, irrespective of the charge of the trial court that the jury could not find a verdict against the company unless it found there was some negligence upon the part of Brown. Assuming that a contractual relation existed between the plaintiff and the railroad company, still, as the company did not have the control or management of the apparatus which exploded, I do not think the rule of res ipsa loquitur applies; and, consequently, the plaintiff must rely upon the ordinary rules and principles applicable to cases of negligence to maintain her action, and must show something more than the mere explosion, and resulting injury to her, in order to establish the charge of negligence against the defendant railroad, and make it incumbent upon it to show affirmatively proper care and precaution upon its part. Let us examine, then, and see if there is anything in the facts in this case that warrants an affirmative finding of negligence against the railroad company. That portion of the hotel where the railroad sold tickets, and the room in which the plaintiff was waiting at the time of the explosion, must, I think, be regarded as the railroad company's ticket office, and waiting room, and it must be held to the same liability therefor that it would be for an ordinary railway passenger depot. What is negligence, and what is due and proper caution, depends upon the circumstances of each particular case; and the degree of care required rises with the difficulties and perils of the situation, and the dangers known, or reasonably to be apprehended. A railroad company cannot be held to the same high

degree of care and responsibility for its depots as it is for its passenger trains. The dangers to be apprehended, and the liability to accidents, and the inability of travelers to guard against or escape them, in the one case, are infinitely greater than in the other. Its duty is to provide a reasonably safe place for the accommodation of those awaiting the arrival and departure of trains, and to take such precautions for their safety as would naturally occur to ordinarily prudent and careful men, and to guard against such dangers and accidents as are likely to occur, or are reasonably to be apprehended by prudent men. In this case the depot of the railroad company had been destroyed by fire. It sought a temporary place for the sale of its tickets and the reception of those proposing to become passengers upon its trains. The place it so occupied was in an hotel occupied by the family of its proprietor and by guests and travelers. When it went there, it is not questioned but what it was a reasonably safe and proper place. During its occupancy, the landlord placed in the hotel a heating apparatus, a system in common use, and which the testimony shows to have been a reasonably safe one, from which no danger was to be apprehended if it was properly operated and controlled. It had nothing to do with the installation or operation of such apparatus, which was entirely under the direction and control of the landlord of the hotel; and there was a presumption that he would exercise that degree of care and caution which the safety of his property and of his guests demanded. Cosulich v. Oil Co., 122 N. Y. 118, 124, 25 N. E. 259. The testimony seems to indicate that the railroad company paid no attention, by inspection or otherwise, to the heating apparatus, to ascertain whether it was a safe apparatus, or properly operated; and the plaintiff claims that in that respect it failed in the duty it owed to the plaintiff and others using its waiting room, to see that it was a reasonably safe place. Assuming that to be its duty, still, unless we can see that such neglect of duty caused or contributed to the injury, the defendant is not made liable thereby. Suppose the defendant railroad had made the most careful inspection, it would have simply found a heating apparatus not dangerous in its character, properly installed, and only dangerous when improperly operated, and that the landlord had been instructed how to operate it, and that, if he followed such directions, it was, so far as known, perfectly safe; so that the most careful inspection would have failed to disclose anything in the apparatus itself for the most prudent man to guard against, and therefore no harm can have resulted from a failure to inspect. The only danger to be apprehended was in operating the valve. The defendant railroad had no right to undertake the operation of that itself, and it does not seem to me that it was incumbent upon it, or that it would occur to a prudent man that it was necessary for him to keep constant watch and guard over the operation of that valve himself. What is proper care and caution, and what danger is reasonably to be apprehended, and therefore to be guarded against, is not to be gauged by looking backward after the occurrence of the accident. Burke v. Witherbee, 98 N. Y. 562; McGrell v. Office Bldg. Co., 153 N. Y. 765–779, 47 N. E. 305.

In this case it does not seem to me that the danger was either

known or reasonably to be apprehended; neither would it have been disclosed by inspection. When the duty is simply of ordinary and reasonable care and caution, a failure to foresee and guard against an accident which has not occurred before, and which, in its character, is not such as to naturally occur to prudent men to guard against, is not negligence. Hubbell v. City of Yonkers, 104 N. Y. 434, 10 N. E. 858; Lane v. Town of Hancock, 142 N. Y. 510, 37 N. E. 473.

It follows, from these views, that the judgment against the railroad should also be reversed.

Judgment and order reversed as to both defendants, and a new tria` granted; costs to abide the event. All concur, except PUTNAM, J., not acting.