KIRBY v. PRESIDENT, ETC., OF DELAWARE & H. CANAL CO. et al.

(Supreme Court, Appellate Division, Third Department. March 13, 1900.)

1. NEGLIGENCE—MACHINERY.
    It is not negligence, in the management of a new heating apparatus, to leave a valve open as far as directed by the manufacturer, although in fact it should have been opened wider to prevent an explosion.

2. SAME—BURDEN OF PROOF.
    The burden of proving absence of negligence is not upon the defendant in action brought for personal injuries occasioned by the explosion of a hot-water heating apparatus operated by him.

Appeal from special term, Rensselaer county.

Action by Sarah Kirby against the President, Managers & Company of the Delaware & Hudson Canal Company and Dell Brown for personal injuries. From a judgment against plaintiff, she appeals. Affirmed.

This action was brought to recover damages for personal injuries sustained by plaintiff while waiting, for the purpose of taking passage upon the defendant corporation's railroad, in a room in defendant Brown's hotel which was being used by the defendant corporation as a waiting room. The injury complained of was occasioned by the explosion of a hot-water heating apparatus which had been installed in the hotel by the landlord, defendant Dell Brown, for the purpose of heating his hotel.

Argued before PARKER, P. J., and HERRICK, MERWIN, SMITH, and KELLOGG, JJ.

Warren, Patterson & Faulkner (Charles E. Patterson, of counsel), for appellant.

Henry A. Johnson (Lewis E. Carr, of counsel), for appellee Delaware & H. Canal Co.

John H. Peck, for appellee Dell Brown.

KELLOGG, J. This case has been several times tried, and has been twice before in this court on appeal. The determination of the last appeal, with the opinion of the court, is reported in 20 App. Div. 473, 46 N. Y. Supp. 777. The disposition then made of the case was upon the law and the facts, and must be taken as a final disposition upon the merits, unless the material facts established by the proofs then before the court were essentially changed upon the last trial. The facts and the law of the case are so fully stated in the opinion referred to that it is only necessary here to inquire in what essential particulars this case differs from that. Some witnesses, not before

sworn, gave evidence upon this trial, but it is not claimed, nor is it true, that any material fact was established which was not proven on the former trial.  On the former trial the defendant Dell Brown was made a witness by the plaintiff, and on this trial he was not a witness.  He testified on the former trial that he uniformly left the globe valve, attached to the apparatus under the expansion tank in fourth story, open to the extent directed by the manufacturer of the heating apparatus.  The evidence given on this trial by plaintiff of conversations had with this defendant all tends to that conclusion. That the valve was open four or five hours prior to the explosion is shown by the fact, proven by plaintiff, that some 18 pails of water were poured into the radiators and boiler through this valve, and the man who poured the water did not disturb the valve.  It is not shown that it was changed by any one afterwards.  It was not negligence in Brown to leave the valve open just to the extent directed by the manufacturer of the apparatus.  It is not unreasonable to conclude that if, in fact, the valve occasioned the explosion, the mistake was that of the manufacturer in not directing that it be opened wider; that $1\frac{1}{2}$ turns would not give sufficient flow to relieve the expansion of the water in the radiators when they were full, when the day was cold, and the fire reasonably hot.  This apparatus was new.  It had not been long in operation.  It is also not unreasonable to suppose that some foreign substance (wood, cloth, waste, or packing) had been driven from below, and choked the narrow orifice in the valve partly or wholly, and prevented the usual flow of water into the expansion tank.  It was for plaintiff to show that Brown was negligent.  It could not be left wholly to conjecture as to the cause of the explosion.

I do not think this absence of proof by witness Brown changes the situation.  The accident was not such a one as places the burden of proving an absence of negligence upon either of these defendants.

Upon the opinion reported in this case in 20 App. Div. 473, 46 N. Y. Supp. 777, as to the law, the judgments appealed from should be affirmed, with costs to each defendant.  All concur, except SMITH, J., not voting.