WILLIAM H. SMALLEY, Respondent, *v.* THE YONKERS ELECTRIC LIGHT AND POWER COMPANY, Appellant.

*Negligence — collision between a bicycle rider and an electric lamp.*

Proof that the rider of a bicycle came into collision on a public street with an electric lamp of a light and power company, which had been, or was being, lowered for the purpose of cleaning it and supplying new carbons, unaccompanied by other evidence showing a want of due care on the part of the company, creates no presumption of negligence on its part.

APPEAL by the defendant, The Yonkers Electric Light and Power Company, from a judgment of the Supreme Court in favor of the

plaintiff, entered in the office of the clerk of the county of Westchester on the 10th day of February, 1900, upon the verdict of a jury for $500, and also from an order entered in said clerk's office on the 5th day of February, 1900, denying the defendant's motion for a new trial made upon the minutes.

*Henry J. Hemmens* [*Samuel A. Beardsley* with him on the brief], for the appellant.

*Charles H. Noxon,* for the respondent.

WOODWARD, J.:

The plaintiff in this action, while riding a bicycle on one of the streets of Yonkers, came into collision with one of the electric lamps of the defendant, which had been or was being lowered for the purpose of cleaning and supplying new carbons. The defendant moved to dismiss the complaint at the close of plaintiff's case, on the grounds that no negligence on the part of the defendant had been proven, and that the plaintiff had failed to show freedom from contributory negligence, which motion was denied. At the close of the entire evidence the defendant moved for the direction of a verdict and for the dismissal of the complaint, both motions being denied and exceptions taken. The same grounds were urged for these motions as on the motion to dismiss at the close of plaintiff's evidence, and the case was submitted to the jury upon a charge to which there were no exceptions.

The rule is well established that there is no presumption of negligence, and that to justify the submission of that question to the jury there must be more than a mere surmise that there may have been negligence on the part of the defendant. (*Morris* v. *Lake Shore & Michigan Southern R. Co.,* 148 N. Y. 182, 185.) It is equally well settled that a judge will not be justified in leaving the case to the jury when the plaintiff's evidence is equally consistent with the absence as with the existence of negligence in the defendant. (*Baulec* v. *N. Y. & Harlem R. R. Co.,* 59 N. Y. 356, 366 ; *Hayes* v. *Forty-second St. R. R. Co.,* 97 id. 259.) Tried by this test, the plaintiff gave no evidence which even tended to show that there was any negligence on the part of the defendant. There is no doubt that the defendant had a right, through its servants and employees, to maintain the

electric light plant and to clean and replenish the lamps upon the streets in the manner testified to by the defendant's witnesses ; and the mere fact that the plaintiff came into collision with one of the lamps while being lowered for the purpose of putting the lamp in trim raises no presumption of negligence. He must prove something which warrants the inference of negligence, and not leave his case upon facts just as consistent with care and prudence as with the opposite. (*Hayes* v. *Forty-second St. R. R. Co., supra,* and authority there cited.) The evidence makes no suggestion that the lamp was not lowered in the ordinary manner, or that there was any conduct on the part of defendant's servant which was in itself negligent, and the submission of the question of the defendant's negligence to the jury permitted that body to surmise that there might have been negligence where no negligence had been proved, and this was error. (See *Dwight* v. *Germania Life Ins. Co.,* 103 N. Y. 341, 359, and authorities there cited.)

The judgment and order appealed from should be reversed and a new trial granted, costs to abide the event.

All concurred, except BARTLETT, J., absent.

Judgment and order reversed and new trial granted, costs to abide the event.