## SMALLEY v. YONKERS ELECTRIC LIGHT & POWER CO.

(Supreme Court, Appellate Division, Second Department. December 14, 1900.)

NEGLIGENCE—INJURIES TO BICYCLE RIDER—ELECTRIC WIRES IN STREET—PRESUMPTION.

A verdict should be directed for defendant, in an action by a bicycle rider against an electric light company, for injuries received by running into electric light wires which had been lowered for the purpose of cleaning a street light, where there is no evidence that defendant was negligent, since negligence will not be presumed.

Appeal from trial term.

Action by William H. Smalley against the Yonkers Electric Light & Power Company. From a judgment in favor of the plaintiff, and from an order denying a motion for new trial, the defendant appeals. Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, and JENKS, JJ.

Henry J. Hemmens (Samuel A. Beardsley, on the brief), for appellant.

Charles H. Noxon, for respondent.

WOODWARD, J. The plaintiff in this action, while riding a bicycle on one of the streets of Yonkers, came into collision with one of the electric lamps of the defendant, which had been or was being lowered for the purpose of cleaning and supplying new carbons. The defendant moved to dismiss the complaint at the close of plaintiff's case, on the grounds that no negligence on the part of the defendant had been proven, and that the plaintiff had failed to show freedom from contributory negligence, which motion was denied. At the close of the entire evidence the defendant moved for the di-

rection of a verdict and for the dismissal of the complaint, both motions being denied and exceptions taken. The same grounds were urged for these motions as on the motion to dismiss at the close of plaintiff's evidence, and the case was submitted to the jury upon a charge to which there were no exceptions.

The rule is well established that there is no presumption of negligence, and that to justify the submission of that question to the jury there must be more than a mere surmise that there may have been negligence on the part of the defendant. Morris v. Railway Co., 148 N. Y. 182, 185, 42 N. E. 579. It is equally well settled that a judge will not be justified in leaving the case to the jury when the plaintiff's evidence is equally consistent with the absence as with the existence of negligence in the defendant. Baulec v. Railroad Co., 59 N. Y. 356, 366; Hayes v. Railroad Co., 97 N. Y. 259. Tried by this test, the plaintiff gave no evidence which even tended to show that there was any negligence on the part of the defendant. There is no doubt that the defendant had a right, through its servants and employés, to maintain the electric light plant, and to clean and replenish the lamps upon the streets, in the manner testified to by the defendant's witnesses, and the mere fact that the plaintiff came into collision with one of the lamps while being lowered for the purpose of putting the lamp in trim raises no presumption of negligence. He must prove something which warrants the inference of negligence, and not leave his case upon facts just as consistent with care and prudence as with the opposite. Hayes v. Railroad Co., supra, and authority there cited. The evidence makes no suggestion that the lamp was not lowered in the ordinary manner, or that there was any conduct on the part of defendant's servant which was in itself negligent, and the submission of the question of the defendant's negligence to the jury permitted that body to surmise that there might have been negligence where no negligence had been proved, and this was error. See Dwight v. Insurance Co., 103 N. Y. 341, 359, 8 N. E. 654, and authorities there cited.

The judgment and order appealed from should be reversed, and a new trial granted, costs to abide the event. All concur.