### COHEN v. CONSOLIDATED GAS CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. March 11, 1910.)

1. TRIAL (§ 165*)—QUESTION FOR JURY—DISMISSAL—EVIDENCE.

On motion by defendant to dismiss for insufficient evidence, plaintiff is entitled to the most favorable inferences to be drawn from the testimony.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 374; Dec. Dig. § 165.*]

2. GAS (§ 20*)—ACTION FOR INJURIES—EXPLOSION—QUESTION FOR JURY.

In an action against a gas company for injuries from an explosion of gas, evidence *held* sufficient to require a submission to the jury.

[Ed. Note.—For other cases, see Gas, Cent. Dig. § 17; Dec. Dig. § 20.*]

McLaughlin, J., dissenting.

Appeal from Trial Term, New York County.

Action by Mildred Cohen against the Consolidated Gas Company of New York. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before CLARKE, McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Henry A. Powell, for appellant.
John A. Garver, for respondent.

DOWLING, J. Plaintiff resides in apartments at Nos. 90–92 Allen street in the city of New York. On January 25, 1907, two men with badges on their hats came into her room about one o'clock in the afternoon, and, after some minutes spent therein, did something which she describes as locking the gas meter, and, returning about 3 o'clock in the same afternoon, unlocked it. At about 3:30 in the afternoon an explosion took place in the cellar of the house wherein plaintiff's apartments were located, which was of great severity, and as a result of which partitions in the cellar were blown away, and glass was broken throughout the house, as well as in adjoining houses, in those across the street, and throughout the neighborhood. A policeman in the station house a block and one-half away describes the sound as resembling that of a 3-inch gun. As a result of this explosion, plaintiff, who was still in her apartments, sustained the injuries for which she seeks to recover in this action.

While the plaintiff herself was unable to tell what was inscribed upon the caps of the two men who visited her apartments, it can fairly be inferred from the testimony that they were the employés of the defendant company. The testimony disclosed that, when Bessie Cohen was in the cellar at about 1 o'clock of the afternoon of the day in question, she saw no one else there; but when she returned at about

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

a quarter of two, on her return from lunch, she did see some one there with a light. About 3:15 in the afternoon Ruth Cohen went down into the cellar to recover a ball with which she had been playing, and there she saw two men, one with a candle, and the other "with a kind of a light with flame coming out of it," as she described it.

Within a minute and a half after the explosion, Officer Hackett went down into the cellar to make his investigation, and saw that partitions had been blown out, and that glass had been broken throughout the house, and even across the street. When he went into the cellar, he found two men there, each wearing a blue cap with a round metallic badge marked, "Consolidated Gas Co." In this testimony he is corroborated by Officer Donohue. Upon this testimony the plaintiff's complaint was dismissed. This we think was error.

When it appeared that the two men who were present in the cellar with exposed lights were the employés of the defendant company as might fairly have been inferred from the evidence, and when it had further appeared that they were present in the cellar with these lights and with gas present therein, having previously done acts in the premises which indicated that they were at work in some way upon the pipes supplying gas to the house, a prima facie case was established. The mere failure to account for the absence of injury to the defendant's two employés does not prevent the plaintiff from recovery. It may well be that they were in some position that shielded them from the force of the explosion, but that is not for the plaintiff to establish. She is entitled to the most favorable inferences to be drawn from the testimony when a motion to dismiss is made, and, as it can be fairly inferred from the testimony that defendant's employés were working in the cellar with exposed lights with gas present in quantities sufficient to be perceptible to the senses, a prima facie case has been established.

The judgment appealed from should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event.

CLARKE, SCOTT, and MILLER, JJ., concur.

McLAUGHLIN, J. (dissenting). I agree with Mr. Justice DOWLING that the plaintiff is entitled on this appeal to "the most favorable inferences to be drawn from the testimony"; but this does not aid her. The facts proved, and every legitimate inference to be drawn therefrom, do not show a single negligent act on the part of the defendant or its employés. The testimony offered on the part of the plaintiff fairly tended to establish that two of the defendant's employés were, shortly prior to the explosion, working with a lighted candle and lamp in the cellar of the building where the explosion occurred; that, before the explosion, these two employés locked and subsequently unlocked the gas meter in the plaintiff's apartment; and that some few minutes before the explosion the odor of gas (what kind of gas does not appear) was noticed in the cellar. The negligence of the defendant cannot be predicated upon the fact that the gas meter in the plaintiff's apartment was locked and unlocked, or that the defendant's employés went into the cellar (a dark place) with lights for the

purpose of inspecting or repairing, if that be conceded (of which there is no proof), gas meters or pipes there located. That the lights did not cause the explosion at the time the odor of gas was noticed in the cellar is evidenced by the fact that the explosion did not take place until some little time thereafter. There is no evidence whatever from which it can be inferred that the defendant's employés were negligent in any respect, or that their presence in the cellar was the cause of the explosion. The fact that an explosion occurred did not, of itself, establish the negligence of the defendant (Cosulich v. Standard Oil Co., 122 N. Y. 118, 25 N. E. 259, 19 Am. St. Rep. 475; Krzywoszynski v. Consolidated Gas Co., 4 App. Div. 161, 38 N. Y. Supp. 929; Schaum v. Equitable Gas Light Co., 15 App. Div. 74, 44 N. Y. Supp. 284); nor can its negligence be predicated "upon a conjecture built upon a bare possibility" (Egan v. Dry Dock, 12 App. Div. 556, 42 N. Y. Supp. 188). Before the plaintiff could recover, she was bound to establish some specific act of negligence, or offer evidence from which the same could be inferred, upon the part of the defendant, which caused the explosion. Morris v. Railway Co., 148 N. Y. 182, 42 N. E. 579; Dobbins v. Brown, 119 N. Y. 188, 23 N. E. 537; Bond v. Smith, 113 N. Y. 378, 21 N. E. 128; Kirby v. D. & H. C. Co., 20 App. Div. 473, 46 N. Y. Supp. 777.

There was no evidence which would have justified the jury in finding in favor of the plaintiff, and for that reason the complaint was properly dismissed. Had the case been sent to the jury and a verdict rendered in favor of the plaintiff, I do not see how it could have been permitted to stand, because it would have for its foundation, not evidence, but a mere surmise or guess on their part, and this is not enough.

For these reasons I vote to sustain the judgment.