and capacity stand unquestioned. Under his wise management the estate has grown to about $819,000. However, as Mr. Quinby's estate has to account as such committee in respect to matters largely in Mr. Opdyke's hands, the learned Justice at Special Term apparently thought that to appoint Mr. Opdyke might expose him to the embarrassment of representing conflicting interests on such accounting. We cannot say that this conclusion followed by naming Mr. McGovern was an abuse of discretion.

The order appealed from is affirmed, without costs.

---

(96 Misc. Rep. 1)

### KNOLL v. NEW YORK, O. & W. R. CO.

(Supreme Court, Trial Term, Sullivan County.    June, 1916.)

1. RAILROADS ⬳276(1)—OPERATION—INJURIES TO PERSONS ON TRAIN—CARE REQUIRED.

   The servants of a railroad owe a trespasser on a train no duty other than not to injure him wantonly or willfully.

   [Ed. Note.—For other cases, see Railroads, Cent. Dig. § 878; Dec. Dig. ⬳276(1).]

2. RAILROADS ⬳276(2)—OPERATION—INJURIES TO PERSONS ON TRAIN—CARE REQUIRED.

   If plaintiff was not a trespasser in climbing over a railroad car, the railroad's servants were charged with reasonable and ordinary care in the operation of the train so as not to injure him.

   [Ed. Note.—For other cases, see Railroads, Cent. Dig. § 879; Dec. Dig. ⬳276(2).]

3. RAILROADS ⬳276(2)—OPERATION—INJURIES TO PERSONS ON TRAIN—CARE REQUIRED.

   Where a railroad's servants did not know that plaintiff was upon a train, they were under no obligation to give him any signal or warning before starting the train, though it was in violation of a rule of the company to start the train without any signal.

   [Ed. Note.—For other cases, see Railroads, Cent. Dig. § 879; Dec. Dig. ⬳276(2).]

4. RAILROADS ⬳278(2)—OPERATION—INJURIES TO PERSONS ON TRAIN—CONTRIBUTORY NEGLIGENCE.

   Plaintiff could not place himself in a situation of danger by climbing over a railroad car, simply to protect his team, which he had left inadequately sheltered, on a cold night, without being guilty of such negligence as to preclude a recovery for personal injury.

   [Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 895, 896; Dec. Dig. ⬳278(2).]

Action by Philip R. Knoll against the New York, Ontario & Western Railroad Company.    Complaint dismissed.

Bruce Winner, of Liberty (Ellsworth Baker, of Hurleyville, of counsel), for plaintiff.

Carpenter & Rosch, of Liberty, for defendant.

CHESTER, J.    There is no allegation in this complaint that any of the employés of the defendant knew that the plaintiff was upon the defendant's train at the time he alleges he was hurt by being thrown

therefrom. The train was blocking the plaintiff's farm crossing, and had been standing there nearly an hour. On the day when the plaintiff was injured he was returning to his farm buildings located upon one side of the defendant's tracks with his team, and as he approached the crossing he discovered a freight train of the defendant, completely blocking it. It was on a bitter cold night, his horses and their blankets were wet, and the plaintiff was unable to reach his barn, and after the train crew had failed to move the train, on the plaintiff's request, he placed his horses in an old barn for temporary shelter. He then climbed over the train, with the knowledge of the train crew, to reach his farm buildings. After waiting nearly an hour he returned to get his team, which was inadequately sheltered, in order to save it from further exposure and danger from the cold. When the plaintiff approached the train on that occasion he was unable to discover any one about in charge of it. He alleges that he was unable to pass around the end of the train, and was in the act of climbing over the same, when the train was suddenly started without any signal or warning, and he received the injuries of which he complains.

[1-4] If the plaintiff was a trespasser on the train, the servants of the defendant owed him no duty other than not to injure him wantonly or willfully. If he was not a trespasser, the servants of the defendant were charged with reasonable and ordinary care in the operation of the train so as not to injure him. In either event, if the servants of the defendant operating the train did not know that he was upon it, they were under no obligation to him of giving any signal or warning before starting the train. The fact that the train was started without any signal, in violation of a rule of the company, is of no consequence if none of the employés knew of the presence of the plaintiff upon it, and there is no allegation of such knowledge contained in this complaint. Nor had the plaintiff any right to place himself in a situation of danger simply for the protection of his property, without being guilty of such negligence as will preclude a recovery for a personal injury received in so doing. Morris v. Lake Shore & M. S. R. Co., 148 N. Y. 182, 42 N. E. 579.

The complaint should be dismissed with costs.

Complaint dismissed, with costs.