CLORA MOULTON v. EVERETT MOULTON.[1]

July 1, 1927.

No. 26,145.

On conflicting evidence decree of separation from bed and board sustained.
    Suit for a decree of separation from bed and board. The evidence sustains the findings.

Divorce, 19 C. J. p. 142 n. 52.

Action in the district court for Goodhue county for a decree of separation from bed and board. There was judgment, Albert Johnson, J., for the plaintiff, from which the defendant appealed. Affirmed.

*H. J. Edison,* for appellant.
*D. C. Sheldon,* for respondent.

TAYLOR, C.

Plaintiff is 35 years of age, defendant 47 years of age. They were married in February, 1923. In 1926 plaintiff brought this suit for a decree of separation from bed and board. The trial court made findings of fact and conclusions of law, and directed a

[1]Reported in 214 N. W. 771.

judgment decreeing a separation from bed and board, and requiring defendant to pay to plaintiff the sum of $20 per month toward her maintenance, and the further sum of $15 per month toward the support of their infant child. In January, 1927, judgment was entered as directed. Defendant appealed from the judgment and contends that the findings of fact are not sustained by the evidence.

The evidence is conflicting. That of the plaintiff fully sustains the findings of the trial court, and we find no ground for disturbing them. It would serve no useful purpose to rehearse the evidence. The parties lived for a time on a farm of 120 acres owned by defendant. His sister owned an adjoining 40 acres. Trouble arose between plaintiff and this sister and, as expressed by the trial court, defendant championed the cause of the sister. Thereafter, against plaintiff's wishes, defendant and his sister exchanged this land in part payment for a farm of 400 acres, of which defendant had 270 acres which contained all the buildings, including a house of 12 rooms, and the sister had 130 acres on which were no buildings. It seems they were to operate the farm together but were to live as separate families. When they moved into the house, defendant gave his sister the entire lower floor, gave a hired man and his wife the front part of the second floor, and relegated his wife and baby to the rear part of the second floor. The court found that the treatment plaintiff received from the sister and the defendant while occupying these rooms was such that she "cannot reside with the defendant with safety or self-respect." We think the court was justified in concluding that the conduct of the sister upheld by the defendant had made the situation of the plaintiff intolerable, and the judgment is affirmed.