## CLORA MOULTON v. EVERETT MOULTON AND ANOTHER.[1]

December 6, 1929.

No. 27,471.

*F. M. Wilson* and *H. J. Edison,* for appellant.
*D. C. Sheldon,* for respondent.

DIBELL, J.

Action by Clora Moulton against her divorced husband, Everett Moulton, and L. B. Moulton, his father, to vacate a judgment rendered and docketed in Dodge county on November 17, 1926, for $4,692.99, in favor of L. B. Moulton against Everett Moulton, and docketed on transcript on November 19, 1926, in Goodhue county. There were findings for the plaintiff, and the defendant L. B. Moulton appeals from the order denying his motion for a new trial.

Clora Moulton obtained a judgment of separate maintenance from her husband, Everett Moulton, in Goodhue county on January 21, 1927. The trial was in April, 1926. The case is reported on appeal in 172 Minn. 96, 214 N. W. 771. The judgment decreed that Everett Moulton pay his wife $20 per month for her maintenance and $15 per month for the support of their child. This judgment was ad-

[1]Reported in 227 N. W. 896.

judged a lien on Everett Moulton's real property. It was docketed in Dodge county.

The plaintiff claims that the judgment of $4,692.99 was entered upon a fictitious indebtedness to defeat her in the recovery of the amounts awarded in her divorce suit.

Whether there was a debt is a vital question. If there was, the judgment was valid and prior to the claim of plaintiff. The only evidence offered by the plaintiff in proof that there was not a debt, and the burden was on her, is that of the two defendants, father and son, called for cross-examination under the statute. They maintained that there was an indebtedness. They refused to testify to the contrary. The evidence offered by the defendants did not help the plaintiff upon this issue. In their cross-examination under the statute the stories of the defendants were such that a jury might think them untrue; but there was no evidence that there was no debt. The court could not find a fact necessary to be proved, namely that there was no debt, as to which there was no affirmative testimony, by a claim that the negative testimony was unworthy of belief. This is the holding of the cases throughout. A few excerpts make it clear:

"Certainly jurors are not bound to take either the whole or any part of a witness's testimony as true, if, in their consciences, they do not so believe. But when it is incumbent on a party to establish a fact, and *the only* testimony in relation thereto contradicts it, a jury cannot capriciously mangle the testimony so as to convert it into evidence of what it does not prove. If the witness be deserving of credit, the fact necessary to be shown is disproved; and if he be not worthy of credit, there is a defect of proof." White v. White, 20 N. C. 536, 539.

"The fact, if it is a fact, that the jury disbelieved Wood and the station agent when they testified that no notice to unload was given is not evidence that such notice was given." Hyslop v. Boston & Maine R. Co. 208 Mass. 362, 367, 94 N. E. 310, 311, 21 Ann. Cas. 1121.

"A party upon whom it is incumbent to prove an alleged fact cannot call his adversary as a witness as to that fact, elicit testimony from him to the effect that such alleged fact has no existence, and then call upon the jury to discredit the evidence of such adversary simply because he is interested as a party, and to base upon the assumed falsity of his evidence an affirmative finding of the existence of such alleged fact, without any other evidence of its existence, or from which it may be inferred." Kirby v. Delaware & H. Canal Co. 20 App. Div. 473, 476, 46 N. Y. S. 777, 780.

And see Beers v. Isaac Prouty & Co. 203 Mass. 254, 89 N. E. 557; Mercer v. Wright, 3 Wis. 568 (645); Ramsay v. Ryerson (C. C.) 40 F. 739; Boice-Perrine Co. v. Kelley, 243 Mass. 327, 137 N. E. 731; 6 Jones, Ev. (2 ed.) § 2468.

The finding, essential to a recovery, that there was no debt, is not sustained. In the ordinary case we would stop. This case is unusual. The defendant has not contributed to the support of his wife or child since the decree directing him to do so was entered on January 21, 1927, nor since the trial was commenced in April, 1926, if we are correct in our understanding of the record. His attitude is one of frank defiance. He has been in jail for eight months because of an effort of the plaintiff to coerce payment by contempt. The processes of the law are not working effectively. He should pay in support of his wife and child. He should be made to pay. There should be a remedy. The trial court is not at fault in the least. The law is sufficient. It can be applied so as to bring results.

It is not to be gathered from the record that he is unable to support his wife and child. It could be found affirmatively that his intent is to abandon them. His treatment for three years or more is evidence of it. He owns a large farm. He recently leased it to his sister, who was a factor in the divorce trial, for just so much as pays taxes and interest on the encumbrances. It may be inferred that this is to make easier the avoidance of his duty to his wife and child. The statute authorizes a receiver. G. S. 1923 (2 Mason, 1927) § 8604. This might be helpful. Or the case might

be tried again with the hope of more evidence. It would be a long process.

By G. S. 1923 (2 Mason, 1927) § 10136, it is made a misdemeanor wilfully to fail to make proper provision for the support of one's child. The offense is a continuing one. This section provides that one convicted may give bond and that judgment may be suspended until some condition of the bond is violated. The wife or child or one furnishing food, shelter, and clothing may sue upon the bond. It is intended that the wife may make use of the statute to coerce payment.

By G. S. 1923 (2 Mason, 1927) § 10135, it is provided that any parent having legal responsibility for the care or support of a child who deserts and fails to care for him with intent to abandon him is guilty of a felony punishable by imprisonment in the state prison for not more than five years.

The plaintiff cannot use this section merely to coerce the payment of money. It is a criminal statute. A felony cannot be compounded. If Everett Moulton violated it his offense is one of which cognizance may be taken by the prosecuting authorities. We do not intend to speak harshly of him. Concededly he is industrious and thrifty and successfully inclined to accumulate property; but he is determined that he will not pay the sums awarded his wife and child, and he defies the decree of the court in the divorce suit and disregards the command of the statute. For the good of the state § 10135 provides imprisonment at Stillwater for a parent who deserts and fails to care for his child with intent to abandon him. L. B. Moulton is aged, some 79 or 80, and feeble. He is not much concerned, except as he is interested in the future of his family. He may suffer through his son. Everett Moulton is a strong character, doubtless of many sturdy qualities, but with some wrong notions. One is that he will not obey the law's command that he support his child. He is in a fight with the law. Others have tried and lost and paid a severe and disgraceful penalty. In the end he too will be the loser.

Order reversed.