## EAST OHIO GAS CO v CUNNING

Ohio Appeals, 9th Dist, Summit Co

No 2199. Decided July 10, 1933

Frank & Ream, Akron, for plaintiff in error.

Brouse, Englebeck, McDowell, May & Bierce, Akron, and E. W. Finkle, Akron, for defendant in error.

**OPINION**

By STEVENS, J.

With reference to the first assignment of error, we have carefully examined the testimony complained of, especially the testimony of the witness Thomas, and we are of the opinion, upon the authority of Cohen v Gas Co., 121 N. Y. Supp. 956, that said testimony was not erroneously admitted, but on the contrary was properly received as bearing upon the question of notice to the Gas Co. The other claimed errors in the admission and rejection of evidence have been considered, and we find no prejudicial error therein.

The second assignment of error has to do with the trial court's giving plaintiff's special requests to charge before argument Nos. 1, 2, 3 and 4, and the refusal of the trial court to give defendant's special requests Nos. 4, 5, 8, 9, 10, 11 and 12.

Concerning the requests of the plaintiff, a careful scrutiny of each of said requests leads us to the conclusion that they correctly state the law applicable to this case, and that no error intervened by reason of their having been given.

Defendant Gas Co.'s request No. 4 was properly refused, on the principle laid down in Groff v Charleston-Dunbar Natural Gas Co., 110 W. Va. 54, quoted with approval by our Supreme Court in the **Northwestern Ohio Natural Gas Co. v The First Congregational Church of Toledo, 126 Oh St 140, at page 161.**

Defendant Gas Co.'s request No. 5 entirely takes away from the jury the question of whether or not the original installation of the service line was proper, with reference to provision being made for expansion and contraction thereof, and there being some evidence properly admitted upon that question, the request was erroneous and properly refused.

Defendant Gas Co.'s requests Nos. 8, 9, 10, 11 and 12, entirely withdraw from the consideration of the jury questions of fact properly determinable by the jury, and state conclusions in connection therewith which are not properly to be drawn from the evidence adduced. Accordingly said requests were properly refused.

The third assignment of error treats of claimed deficiencies in the general charge of the trial court.

The several grounds urged by said defendant deal with certain isolated portions of the general charge, which, taken independently of the remainder of the charge, might prove misleading; but when considered in connection with the charge as a whole, we cannot conclude that they are so erroneous as to constitute reversible error.

The fourth ground of error complains of the refusal of the trial court to direct a verdict in favor of defendant Gas Co.

The Supreme Court of Ohio has laid down the following rule devolving upon a gas company in connection with its product:

"2. Any evidence tending to establish allegations of want of due care, or from which any reasonable inference of such want of due care may be drawn, should be submitted to the jury under proper instructions."

**St. Marys Gas Co. v Brodbeck, Admr., 114 Oh St 423.**

See also, **Armour & Co. v Ott, Admrx., 117 Oh St 252.**

It is our opinion that there was sufficient evidence in the instant case of want of due care, or from which a reasonable inference of such want of due care might be drawn, in connection with the original installation of the service line, to have warranted the trial court in submitting this case to the

jury. The motion to direct was therefore properly overruled.·

In the opinion of this court, substantial justice has been done in this case, and the judgment of the trial court is affirmed.

POLLOCK, J (7th Dist) sitting by designation in place of Washburn, PJ, and FUNK, J, concur in judgment.